NO. 07-05-0240-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 31, 2006
_____

IN THE MATTER OF M.M.L., A CHILD
_____

FROM THE COUNTY COURT AT LAW #1 OF DENTON COUNTY;

NO. JV-2005-00211; HONORABLE DARLENE WHITTEN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant is a twelve-year-old male accused of engaging in delinquent conduct by committing the offense of indecency with a child. The adjudication trial was to a jury, who found the allegation to be true. After the disposition hearing, appellant was placed on probation. Appellant has appealed, alleging error by eleven issues. We affirm the judgment of the trial court.

**Factual Background**

Hilda Sanchez, the mother of M.V., the complaining witness, employed appellant's mother, Juana Mejia, as a baby sitter. On July 22, 2004, Sanchez picked her daughter up

at the Mejia apartment and found her daughter crying and Mejia not in the apartment. Sanchez was met at the door by appellant, whom she described as acting hurriedly. After leaving the apartment, Sanchez questioned M.V. about why she was crying. M.V. told her that appellant touched her in her private area with his private area. As a result of M.V.'s outcry to Sanchez, Sanchez notified the police in McKinney about appellant's actions.

By eleven issues, appellant appeals his conviction and sentence. By ten of these issues, appellant contends that the trial court committed reversible error by:

1. limiting appellant's cross-examination of M.V. during the competency hearing;

2. finding M.V. competent to testify;

3. limiting appellant's cross-examination of M.V. during the trial before the jury;

4. admitting the testimony of the SANE nurse;

5. admitting the testimony of the "outcry " witness;

6. denying the appellant's motion for mistrial;

7. commenting on the evidence;

8. allowing evidence of an extraneous offense;

9. limiting the testimony at the motion for new trial hearing; and,

10. denying the motion for new trial.

Further, by his ninth issue, appellant contends that the evidence was factually and legally insufficient to sustain the finding of true to the allegations in the State's petition.

**Competency of M.V.**

Appellant's first two contentions were briefed together and both concern the competency of M.V. to testify and will, therefore, be addressed together. M.V. was three-years old at the time of the incident and was four-years old at the time of trial. Appellant contested M.V.'s competency as a witness and requested a hearing on the matter. See TEX. R. EVID. 601(a)(2). The trial court held a hearing on the issue of competency out of the presence of the jury and ruled that she was competent to testify. We review that ruling under an abuse of discretion standard. Broussard v. State, 910 S.W.2d 952, 960 (Tex.Crim.App. 1995), In re A.W., 147 S.W.3d 632, 635 (Tex.App.–San Antonio 2004, no pet.) (applying the same standard of review to juvenile cases).

At the hearing on the competency of M.V., the State conducted an examination of M.V. during which she testified as to her complete name, age and that she was able to distinguish between the truth and a lie by identifying the color of a pen (blue) the attorney was holding. When asked if she was told the pen was black would it be the truth or a lie, she testified it would be a lie. M.V. further acknowledged that she understood that she would be required to tell the truth in court. Upon cross-examination by appellant, M.V. answered "yes" to a series of questions about having met appellant's attorney before, playing with puppies belonging to appellant's counsel and hunting for Easter eggs with the attorney. Each of these questions were designed to show that the witness would agree whenever leading questions were asked. Based upon this exchange, appellant contends that M.V. was not competent to testify. While appellant's point is that M.V. did not know the difference between the truth and a lie, during appellant's own cross-examination of M.V.,

3

she was asked what the word "lie" means. M.V. answered, "That it's not the truth and it's a lie." This statement demonstrates that M.V. knew the difference between the truth and a lie. In determining whether the trial court abused its discretion, we are not to focus only on the questions asked during the hearing on competency but rather to review the entire record of her testimony. Clark v. State, 558 S.W.2d 887, 890 (Tex.Crim.App. 1977). The record reveals that, during both the competency hearing and the trial on the merits, M.V. was able to communicate the actions of appellant and the events surrounding the incident in question. From this review, we conclude that M.V. had the ability to intelligently observe the events, the capacity to recollect and narrate them, and, from the competency hearing, the moral responsibility to tell the truth. Upton v. State, 894 S.W.2d 426, 429 (Tex.App.–Amarillo 1995, writ ref'd). Accordingly, we find no abuse of discretion in the ruling that M.V. was competent to testify.

Appellant also contends that the court impermissibly limited his right to cross-examine M.V. during the competency hearing. Specifically, appellant contends that the following colloquy demonstrates an attempt by the court to limit cross-examination. After asking a series of leading questions designed to show that M.V. would say "yes" whenever asked a leading question, the following exchange occurred:

> The Court: I'm not going to allow you to do any more of that.
>
> Trial Counsel: I have no other way, Judge, to show that she'll say stories.
>
> The Court: You have–you've made your point. You said you wanted to call yourself. Go ahead.

4

At that time, appellant's counsel took the witness stand and testified that M.V.'s cross-examination testimony was untruthful.

Appellant complains that the court impermissibly limited his cross-examination of M.V., yet the exchange clearly demonstrates that the court was aware of the potential for false testimony from the witness but, based upon all of the factors, found the witness competent. It appears that the trial court felt that the potential that M.V. would testify falsely was an issue of the weight to be afforded the testimony at trial rather than evidence of M.V.'s incompetence as a witness. We do not find the court abused its discretion in ruling M.V. competent or in limiting appellant's cross-examination at the competency hearing. Broussard, 910 S.W.2d at 960 ; In re A.W., 147 S.W.3d at 635. Appellant's first two issues are overruled.

### Cross-examination of M.V. during the trial

Appellant next contends that the court impermissibly limited his right to cross-examine M.V. in front of the jury and cites the court to certain portions of the reporter's record. Those portions of the reporter's record cited by appellant occurred during a continuation of the competency hearing out of the presence of the jury. At the conclusion of that hearing and after again ruling that the witness was competent to testify, appellant's counsel said there were more questions that she wished to ask the witness. The court inquired as to what the questions were and, after receiving counsel's response, made the following statement, "Not all of that material has to be presented at this hearing as long as she has sufficient intellect to relate– I'm denying any additional questions. It may be a

5

problem <u>at trial</u> when we get into that. She is qualified and she is available." (emphasis added). M.V. was then excused from the witness stand and other matters were taken up.

During the State's case-in-chief, M.V. testified about the events leading to the trial of appellant. At the conclusion of the State's direct examination, appellant asked 15 questions on cross-examination. After re-direct examination by the State, appellant passed the witness. At no time during M.V.'s testimony before the jury did appellant ask any of the leading questions referred to during the competency examination. At no time during M.V.'s trial testimony did appellant ask the court to reconsider any previous ruling, object to any previous ruling, or even mention any previous ruling. It is from this record that appellant urges that the court limited his right of cross-examination.

To preserve error for review, a litigant must object and state the grounds for the ruling sought from the court with sufficient specificity to make the court aware of the complaint, unless the specific grounds are apparent from the context of the objection. TEX. R. APP. P. 33.1(a)(1)(A).[1] Preservation of error is a systemic requirement that a first-level appellate court should review on its own motion. See <u>Jones v. State</u>, 942 S.W.2d 1, 2 n.1 (Tex.Crim.App. 1997); <u>Hughes v. State</u>, 878 S.W.2d 142, 151 (Tex.Crim.App. 1992) (op. on reh'g). Appellant seems to argue that the record demonstrates that the grounds for his objection were apparent from the context of the hearing on competency. However, the record reveals that the ruling of the court was to the issue of limitation of appellant's cross-examination of M.V. during the competency hearing, and that the issue of any limitation of

---

[1] Further references to Texas Rules of Appellate Procedure will be by reference to Rule _____.

cross-examination during the trial before the jury would have to be handled at that time. At no time during the cross-examination of M.V. in front of the jury did appellant attempt to ask any of the questions of which he now complains, request the court to rule upon his right to ask those questions, or in any manner put the trial court on notice that he felt that his right to cross-examine M.V was limited. Accordingly, we find that any limitation of appellant's cross-examination of M.V. before the jury was not preserved. See Rule 33.1(a)(1)(A). Appellant's issue is overruled.

**Testimony pursuant to Texas Rule of Evidence 803(4)**

Appellant next contends that the trial court erred in allowing Lucrecia Delawater, the sexual assault nurse examiner, to testify as to statements made by M.V. during the examination. The record reveals that Delawater was employed by the Denton Regional Medical Center, had been a registered nurse since May 1994, and had been certified as a sexual assault nurse examiner for "several years" at the time of trial. During direct examination, Delawater testified that a "SANE" exam consisted of a detailed history, a head-to-toe assessment, a detailed anogenital exam, and the collection of forensic evidence. The trial court allowed Delawater to testify about statements M.V. made during the exam, over appellant's hearsay objection. Appellant posits that, inasmuch as the testimony was offered pursuant to the hearsay exception contained in Texas Rule of Evidence 803(4), statements made for purposes of medical diagnosis and treatment, and because the witness had acknowledged that she was not qualified to make a diagnosis, therefore, the evidence constituted inadmissible hearsay. SEE TEX. R. EVID. 803(4). Delawater's admission that she was not qualified to make a diagnosis of M.V. was in direct

7

response to a question by appellant as to whether she was qualified to make a diagnosis under the provisions of the Texas Occupation Code, section 301.002.[2] TEX. OCC. CODE ANN. § 301.002 (Vernon 2004).[3]

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); Green v. State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996); Montgomery v. State, 810 S.W.2d 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). A reviewing court should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. Green, 934 S.W.2d at 102.

Appellant cites this court to Texas Occupation Code, section 301.002, without any reference to cases supporting his position that the provision would limit the qualification of a nurse to testify about statements made during an examination of a sexual assault victim. Since the effective date of the Texas Occupation Code provision cited by appellant, we have found no cases indicating that a nurse may not meet the exception of Rule 803(4). See Bautista v. State, 189 S.W.3d 365, 368-69 (Tex.App.–Fort Worth 2006, no pet. h.) (registered nurse permitted to testify about statements made by victim during exam); Wilder v. State, 111 S.W.3d 249, 255 (Tex.App.–Texarkana 2003, pet. ref'd) (nurse permitted to testify about statements made by victim during exam); Edwards v. State, 107 S.W.3d 107,

---

[2] § 301.002, in part, states, "The term [Professional nursing] does not include acts of medical diagnosis or prescription of therapeutic or corrective measures."

[3] Originally passed as Acts of 1999, 76th Leg., R.S., ch. 388, 1999 Tex. Gen. Laws 1669, eff. Sept. 1, 1999.

116-17 (Tex.App.–Texarkana 2003, pet. ref'd) (sexual assault nurse examiner permitted to testify about statements made by victim during exam); Beheler v. State, 3 S.W.3d 182, 188-89 (Tex.App.–Fort Worth 1999, pet. ref'd.) (sexual assault nurse examiner permitted to testify about statements made by victim during exam).  Additionally, Delawater is a health care provider, as defined by both the previous medical malpractice statute and the current medical malpractice statute.  SEE TEX. REV. CIV. STAT. ANN. art. 4590i, § 1.03 (Vernon Supp. 2002) ; TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12)(A) (Vernon 2003).  The history of the medical treatment exception to the hearsay rule, as reflected in the reported cases, and the consistent inclusion of nurses within the definition of "health care provider," as promulgated by the legislature, leads us to the conclusion that the trial court did not abuse its discretion in allowing the testimony of Delawater.  Therefore, appellant's issue is overruled.

**Outcry statement**

Next, appellant makes several complaints about the testimony of Hilda Sanchez, M.V.'s mother, regarding an outcry statement made by M.V.  The trial court conducted a hearing on the admissibility of the evidence outside the presence of the jury.  Prior to the hearing, the State produced a summary of the outcry statement.  The trial court overruled appellant's objection and admitted the outcry testimony.

As a reviewing court, we review the admission of evidence under an abuse of discretion standard.  See Weatherred, 15 S.W.3d at 542 ; Green, 934 S.W.2d at 101-02;

9

Montgomery, 810 S.W.2d at 390.  We will not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement.  Green, 934 S.W.2d at 102.

First, appellant contends that the State failed to meet the requirements of section 54.031 of the Texas Family Code.  See TEX. FAM. CODE ANN. § 54.031 (Vernon 2002).[4] Appellant claims the summary provided to him was different than the testimony offered. The Family Code requires that, 14 days before the date the hearing begins, the proponent of the outcry statement provide the other party with a written summary of the statement. § 54.031(c)(1)(C).  The statute is silent as to how detailed the summary must be and how it is to be compared to the testimony offered at trial.  However, the courts have long held that the purpose of the summary requirement is simply to prevent the defendant from being surprised by the introduction of the outcry statement.  Gay v. State, 981 S.W.2d 864, 866 (Tex.App.–Houston [1st Dist] 1988, pet. ref'd) (applying the summary requirement found in Texas Code of Criminal Procedure, article 38.072).[5]  However, the summary must be more than a general allusion to sexual abuse.  Davidson v. State, 80 S.W.3d 132, 136 (Tex.App.–Texarkana 2002, pet. ref'd). It must give the defendant notice of the content and scope of the outcry statement and is sufficient if it reasonably informs the appellant of the essential facts related to the outcry statement. Id.

---

[4] Further reference to sections of the Texas Family Code will be by reference to "§ __."

[5] The requirements for admissibility of outcry statement pursuant to Texas Code of Criminal Procedure, article 38.072, are identical to those contained within § 54.031.

Comparison of the summary of the outcry statement with the testimony of Hilda reveals a difference. The summary indicates that M.V. alleged that appellant "put his 'colita' inside her 'colita.'"[6] During her trial testimony, Hilda did not testify that M. V. told her that appellant penetrated M.V.'s sexual organ with his. In all other particulars, the summary of the outcry statement matches Hilda's testimony. Most complaints about a variance between the summary of the outcry statement and the testimony address situations where the testimony exceeds the scope of the outcry statement. See generally Gay, 981 S.W.2d at 866 (summary indicating only "kissing and touching" were insufficient to overcome hearsay objection when testimony of outcry statement alleged additional forms of sexually abusive behavior). In the present case, the summary alleges a broader scope than the testimony. As a result, we cannot say that the trial court abused its discretion by admitting the outcry statement based upon the variance between the summary and the testimony. Appellant received ample notice and was not surprised by the testimony. Davidson, 80 S.W.3d at 136.

Appellant next complains that M.V. was not available and, therefore, the requirements of the statute were not met. § 54.031(c)(3). Appellant's argument is premised on his prior complaints that M.V. was not competent to testify and that appellant was denied the right to fully cross-examine her. These complaints have been previously discussed and overruled and, therefore, we find no merit in appellant's contention that M.V. was unavailable.

---

[6] "Colita" is a term M.V. used to describe genitalia.

11

Finally, appellant argues that Hilda was not the first person to whom M.V. made the outcry statement. The record does reflect testimony that M.V. made an outcry statement to her father before speaking with Hilda. In response to appellant's question, "Was your dad the first person that you told about this," M.V. responded "Yes." However, the evidence presented at the hearing to determine the admissibility of the outcry statement established the fact that M.V. made the outcry statement to Hilda immediately upon being picked up at appellant's home. There is no testimony remotely indicating that M.V. even saw her father until later the same day. Based upon this testimony, we cannot say the trial court abused its discretion in allowing the testimony regarding the outcry statement before the jury. Weatherred, 15 S.W.3d at 542. Appellant's issue regarding the outcry statement is overruled.

**Motion for mistrial**

Appellant contends that the court erred in denying a motion for mistrial urged during the cross-examination of Hilda. The granting or denying of a mistrial is within the discretion of the court. See Wood v. State, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000). A court abuses its discretion when its action or decision is not within the zone of reasonable disagreement. Montgomery, 810 S.W.2d at 391. Mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. See Wood, 18 S.W.3d at 648. A court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious

procedural error. Id. The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. Id.

During the cross-examination of Hilda, appellant asked if Hilda had discussed the case with anyone at her job. The State objected and requested the opportunity to approach the bench. Before the State was able to approach the bench, appellant stated that if the State had an objection to make it. The State then stated, "I say at this point the Respondent's attorney is trying to conduct an investigation that should have been done pretrial." Appellant objected to the statement and requested the court order the jury to disregard. The court sustained the objection and instructed the jury to disregard the statement. Citing this court to McMurrough, appellant claims that this statement inflamed the minds of the jury to his detriment necessitating a mistrial. McMurrough v. State, 995 S.W.2d 944, 947 (Tex.App.– Fort Worth 1999, no pet.) McMurrough involved comments made by the prosecutor during closing argument that were outside the record. As the appellate court pointed out, the comments of the prosecutor suggested that appellant's counsel had manufactured a defense and, as such, are among the most egregious types of error. Id. However, the statement before us does not rise to that level. At most, the State made a speaking objection that went to the tenor of the cross-examination of Hilda. This court does not approve of the comments, but we cannot say that the harm was such that the subsequent instruction to disregard was not sufficient. Ovalle v. State, 13 S.W.3d 774, 783-84 (Tex.Crim.App. 2000). When matters are injected into the trial that have no perceived relevance and are potentially prejudicial to the appellant, appellate courts presume that an instruction to disregard the evidence will be obeyed by the jury. See

13

Gardner v. State, 730 S.W.2d 675, 696 (Tex.Crim.App. 1987). The exception to the above statement is in those situations where it appears that the matter injected is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds. Id. After a review of the totality of the situation, we cannot say that the court abused its discretion in overruling appellant's motion for mistrial, therefore, appellant's issue is overruled.

**Comment on the weight of the evidence**

Appellant next contends that the court made comments, during the course of the trial, that were impermissible comments on the weight of the evidence. Appellant cites three separate comments of the court and posits that the cumulative effect of these comments is to deny appellant a fair trial. The first comment involved the cross-examination of Hilda, inquiring into when she first took M.V. to see a doctor or nurse. When Hilda testified that she did not remember the date, appellant attempted to refresh her memory with some "papers" from the exam. However, the State offered to stipulate to the date, "if that will move things along." To which the court stated, "Thank you, it will." The second comment occurred during the court's instructions to the jury as they were dismissed for the day. After an unrelated objection by the State and a reply by appellant's attorney, the trial court stated, "I've got another problem too, and I've got a court reporter who needs to leave at 5:15. I hate to break a witness' testimony, I really do, but it does not look like this is going to conclude any time real, real fast, and I am going to recess until tomorrow morning at 8:30." Finally, appellant contends that the court's comment that counsel was to use a reasonable amount of time in closing argument was a comment on the weight of

14

the evidence. The record reveals that this third comment came after the State requested a reasonable limit on appellant's closing argument toward the end of the argument and after appellant had argued the same issues repeatedly.

The first comment complained of had nothing to do with the evidence or its weight. The trial court simply agreed that a stipulation as to the date of the initial exam, which was the same date appellant was seeking to elicit from the witness, would move the matter along. The second comment complained of was not in any way directed to anything other than explaining to the jury and the parties why the witness's testimony would be broken up by an evening recess. Finally, the third comment appears to have been the court's ruling on an objection by the State that appellant's argument was repetitive. All of these alleged comments have one thing in common, they appear to be an effort by the trial court to maintain control of the litigation and to expedite the trial of the case. We show great deference to the trial court in these matters. Jasper v. State, 61 S.W.3d 413, 421 (Tex.Crim.App. 2001).

Additionally, as admitted by appellant, there was no objection to any of the alleged comments at the time they were made. We, therefore, will review them from the perspective of fundamental error. Blue v. State, 41 S.W.3d 129, 131 (Tex.Crim.App. 2000).[7] When the comments are thus reviewed, it is apparent that the court's allegedly improper comments do not rise to the level of the comments made in Blue. In Blue, the trial court stated to the jury panel that he would have preferred that the defendant pled guilty

_____

[7] For purposes of this opinion, we do not need to discuss the precedential value of the plurality opinion in Blue.

15

rather than go to trial. Id. at 130. This comment struck directly at the presumption of innocence of the defendant. None of the comments appellant now complains of, individually or collectively, rise to the level of fundamental error. As such, timely objection was required to preserve error. Rule 33.1(a)(1)(A). Appellant's issue is overruled.

## Extraneous offense

Appellant next contends that the trial court erred in allowing the admission of evidence of extraneous offenses before the jury. The record shows that the State filed a notice of intent to use evidence of other crimes and that the trial court held a hearing outside the presence of the jury on the issue before any such testimony was admitted. During this hearing, Hilda, M.V.'s mother, testified that M.V. had told her that appellant had touched her on more than one occasion. The trial court ruled that the testimony could come in with a limiting instruction as to the purposes for which it could be used. However, the record reflects that Hilda was never questioned about the statement from M.V. in front of the jury. Subsequently, witness Delawater testified that, during her examination of M.V., M.V. stated that appellant touched her "like he did before."

The admission of evidence is reviewed under an abuse of discretion standard. See Weatherred, 15 S.W.3d at 542; Green, 934 S.W.2d at 101-02; Montgomery, 810 S.W.2d at 390. A reviewing court should not reverse a trial judge's decision whose ruling was within the zone of reasonable disagreement. Green, 934 S.W.2d at 102.

Article 38.37 of the Texas Code of Criminal Procedure sets the parameters for the admission of evidence of other wrongs, crimes or acts committed by a defendant against

16

a child victim. TEX. CODE CRIM. PROC. ANN. art. 38.37 (Vernon Supp. 2005). The Texas Family Code specifically allows the use of evidence in accordance with Chapter 38 of the Texas Code of Criminal Procedure in the adjudication phase of a juvenile case. § 54.03(d). Pursuant to article 38.37, evidence that bears on relevant matters, including (1) the state of mind of the defendant and the child, and (2) the previous and subsequent relationship between the defendant and the child, is admissible. TEX. CODE CRIM. PROC. ANN. art 38.37(2)(1)-(2) (Vernon Supp. 2005).

At the hearing, held outside of the jury's presence, to determine the admissibility of this evidence, the State offered the evidence as highly probative of both appellant's intent to engage in the offense of indecency and the state of mind of both appellant and M.V. We note that the issue of appellant's intent to commit the offense of indecency was hotly contested throughout the trial. Additionally, on appeal, this same issue is the basis of appellant's contention that the evidence was factually and legally insufficient. Finally, appellant offered testimony that M.V. had hurt herself when she tripped over a scooter as a contradictory explanation for why M.V. was upset when her mother picked her up.

The evidence of appellant's touching M.V. "like he did before" clearly goes to the intent of appellant and to the state of mind of both appellant and M.V. and is admissible. Ernst v. State, 971 S.W.2d 698, 700 (Tex.App.–Austin 1998, no pet.). Under the facts before the trial court, we cannot say that the admission of this evidence was an abuse of discretion. Weatherred, 15 S.W.3d at 542. Appellant's issue is overruled.

17

**Factual and legal sufficiency**

Appellant next urges that the evidence was factually and legally insufficient to prove the element that appellant intended to arouse and gratify his sexual desire. Factual and legal sufficiency challenges in a juvenile case are governed by the criminal standard of proof. § 54.03(f); In re B.S.S., No. 03-04-00215-CV, 2006 Tex. App. LEXIS 1682, at *2 (Tex.App.–Ausitn 2006, no pet. h.); In re D.J.H., 186 S.W.3d 163, 164 (Tex.App.–Fort Worth 2006, pet. filed). When both legal and factual sufficiency are challenged by an appellant, the court must conduct the legal sufficiency review first. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). One cannot be convicted of a crime unless it is shown, beyond a reasonable doubt, that he committed each element of the alleged offense. U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp. 2004).

A legal sufficiency review consists of reviewing the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex.Crim.App. 2001). This standard is the same in both direct and circumstantial evidence cases. Burden, 55 S.W.3d at 613. All the evidence presented to the jury must be considered, whether properly or improperly admitted, to assess the factual findings from the jury's perspective. See Miles v. State, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a "mere modicum" of evidence. See Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). We resolve inconsistencies

18

in the evidence in favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000).

When an appellant challenges the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85. If we conclude that the evidence was factually sufficient to support the conviction, we must address appellant's main argument and explain why we are not persuaded by it. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003)

When conducting a legal sufficiency review, we must review the total record, which we have done throughout this opinion. Relying upon that review, we find that the State was required to prove the elements of indecency with a child: that is, (1) that appellant, (2) with intent to gratify his sexual desire, (3) intentionally or knowingly engaged in sexual contact with M.V. by touching the genitals of M.V., (4) a child younger than 17 and not the spouse of appellant. See TEX. PEN. CODE ANN. § 21.11 (Vernon 2005). The State must further prove that the touching was of the nature prohibited by the statute. The record affirmatively demonstrates proof of appellant's identification, the age of M.V., and that she was not the spouse of appellant. As to the touching, the record contains testimony that appellant

19

placed his hand on the genitals of M.V. and placed his genitals against M.V. The contested issue was that of appellant's intent to gratify his sexual desire.

The intent to gratify the sexual desire of appellant may be inferred by the act itself, by appellant's conduct or remarks, or by the surrounding circumstances. See McKenzie v. State, 617 S.W.2d 211, 216 (Tex.Crim.App. 1981), Couchman v. State, 3 S.W.3d 155, 163 (Tex.App.–Fort Worth 1999, pet. ref'd). It was appellant's conduct in trying to hurry Hilda and M.V. from the house that originally aroused Hilda's suspicion. M.V. testified clearly as to what appellant had done to her. Finally, Delawater's testimony related that M.V. alleged that appellant touched her "like he had done before." From a review of this record, it cannot be said that no rational jury could have found the elements of indecency with a child, including the intent to gratify sexual desires element, against appellant beyond a reasonable doubt. Appellant's legal sufficiency is overruled.

Our review of the record also convinces us that, when the evidence is reviewed in a neutral light, the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484. Appellant argues that his explanation that M.V. cried because she fell over a scooter demonstrates the factual insufficiency of the evidence on the element of his intent. The testimony regarding whether M.V. fell over the scooter was contested. The State introduced the testimony of Delawater that appellant had touched M.V. before to prove this element. It was for the jury to resolve the conflicts in this evidence and to determine which testimony was believable. See Johnson v. State, 23 S.W.3d 1,8 (Tex.Crim.App. 2000). A reviewing court is able to disagree with the factual determination of a jury, but only in limited circumstances, and the court should be

appropriately deferential to the jury's determination as to the weight of evidence and the credibility of witnesses. Id. at 8-9. We cannot say, based upon a neutral review of this record, that the evidence is so weak that the jury was not rationally justified in finding the appellant guilty beyond a reasonable doubt. Zuniga, 144 S.W.3d at 484. Neither can we say that, considering all of the evidence, both for and against the verdict, the contrary evidence is so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85. Therefore, appellant's factual sufficiency issue is overruled.

**Amended motion for new trial**

Appellant next complains of the action of the court in limiting the testimony at the motion for new trial hearing to the issues raised in the original motion for new trial. The issue of the alleged limitation that the trial court placed on the evidence produced at the motion for new trial is separate from the ruling on the motion and will be treated distinctly. The jury rendered a verdict of true against appellant on March 31, 2005. On April 27, 2005, appellant filed a motion for new trial. The hearing on the motion for new trial began on May 27, 2005. At the beginning of the hearing, appellant requested leave to file an amended motion for new trial. The amended motion for new trial sought to raise the issue of newly discovered evidence for the first time. The State objected and the court initially ruled that appellant could file the amended motion for new trial. When the hearing resumed at a later date, the State reurged its objection to the amended motion for new trial. The court reversed its original decision and denied appellant the right to amend the motion for new trial. After ruling that the amended motion was not timely filed, the court limited the

21

testimony to evidence in support of the original motion for new trial.  It is from this ruling that appellant complains.

The right to move for a new trial in a criminal case is purely statutory.  Drew v. State, 743 S.W.2d 207, 223 (Tex.Crim.App. 1987).  Currently, Texas Rule of Appellate Procedure 21 governs the new trial practice in Texas.  Rule 21.  Rule 21.4(a) provides that a motion for new trial must be filed "not later than 30 days after, the date when the trial court imposes or suspends sentence."  Rule 21.4(a).  Rule 21.4(b) provides that an amended motion for new trial may be filed "within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial. . . ."  Rule 21.4(b).  The rules, when read together, mean that any amendments to the motion for new trial must be completed within the same 30-day time period.  State v. Lewis, 151 S.W.3d 213, 219 (Tex.App.–Tyler 2004, pet. ref'd).

The statutory provisions for filing motions for new trial and amended motions for new trial are mandatory and must be complied with in all respects.  Id. at 218 (citing Drew, 743 S.W.2d at 223).  The fact that the amended motion for new trial is based on newly discovered evidence has no impact upon the appellate timetable.  Licon v. State, 99 S.W.3d 918, 926 (Tex.App.–El Paso 2003, no pet.).  Failure to adhere to the timetable in the rules leaves the court without jurisdiction.  Id.  Because an untimely filed amended motion for new trial leaves the court without jurisdiction, the evidence presented in support of the untimely amended motion for new trial may not be considered by the court.  Id.  Appellant's tenth issue is overruled.

**Denial of motion for new trial**

The granting or denying of a motion for new trial is within the discretion of the trial court. See Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999); State v. Gonzalez, 855 S.W.2d 692, 696 (Tex.Crim.App. 1993). In reviewing the trial court's decision, our standard of review is whether the trial court abused its discretion. Id.; Brown v. State, 960 S.W.2d 772, 778 (Tex.App.–Dallas 1997, pet. ref'd). A trial court abuses its discretion when its action or decision is not within the zone of reasonable disagreement. See Montgomery, 810 S.W.2d at 391. A trial judge's ruling on a motion for new trial is presumed to be correct. See Lee v. State, 167 Tex.Crim. 608, 322 S.W.2d 260, 262 (1958).

All of appellant's issues in the original motion for new trial have been previously addressed and overruled, except for two. One of these addresses an issue arising during voir dire and the other alleges that a juror slept during the trial proceedings. As to the issues previously addressed in this opinion, we cannot say that the trial court abused its discretion in denying appellant a new trial. Ladd, 3 S.W.3d at 567. As to the other two issues, appellant has not identified any record evidence to support these allegations. Neither has appellant specifically addressed the contentions in his appellate brief. These issues are inadequately briefed and are, therefore, waived. Rule 38.1. See Hankins v. State, 132 S.W.3d 380, 385 (Tex.Crim.App. 2004). Accordingly, appellant's final issue is overruled.

**Conclusion**

Having overruled appellant's issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice