In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00018-CV

                                                ______________________________

 

 

NABORS WELL
SERVICES CO., A/K/A NABORS WELL SERVICES, LTD., AND BUFFCO PRODUCTION, INC.,
Appellants

 

                                                                V.

 

BRENDA AVILES,
INDIVIDUALLY AND ON BEHALF OF VICTORIA AVILES, A MINOR CHILD, AND ON BEHALF OF
THE ESTATE OF 

VICTOR FILOMENO AVILES,
Appellee

 

 

                                                                                       
           

 

 

                                       On Appeal from the 123rd
Judicial District Court

                                                             Panola County, Texas

                                                          Trial Court
No. 2008-386

 

                                                                                                  


 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Nabors Wells
Services Co., a/k/a Nabors Wells Services, Ltd., and Buffco Production, Inc. (collectively Nabors), appeal a trial
court’s order denying their amended motion to compel arbitration.  We dismiss this appeal for want of
jurisdiction. 

            To timely
perfect an accelerated appeal, the notice of appeal must be filed within twenty
days after the order is signed.  Tex. R. App. P.
26.1(b), 28.1; In re K.A.F., 160
S.W.3d 923, 927 (Tex. 2005).  The times
for filing a notice of appeal are jurisdictional; and, absent a timely filed
notice of appeal or an extension request, we must dismiss the appeal.  Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (holding that, once extension
period has passed, party can no longer invoke appellate court’s jurisdiction); Pandozy v. Beaty, 254 S.W.3d 613, 616
(Tex. App.—Texarkana 2008, no pet.).

            Nabors filed
its first motion to compel arbitration October 18, 2008.  After a hearing April 17, 2009, the
trial court signed, on July 17, 2009, a judgment denying the motion to
compel.  An amended motion to compel
arbitration was filed November 20, 2009. 
On February 19, 2010, the trial court denied the amended motion to
compel.  In its February order, the trial
court found “that the Amended Motion to Compel is a Motion for Reconsideration
of the Court’s prior Orders of July 17, 2010.” 
It did not grant or deny the amended motion to compel.  Instead, it found that “its prior Orders of
July 17, 20[09] [sic] should not be withdrawn.” 

            From
a review of both motions to compel, it appears that, aside from references to
additional evidence and caselaw, the motions are the same.  We look to the substance of the motion, rather
than the title, to determine its nature. 
Tex.-Ohio Gas, Inc. v. Mecom,
28 S.W.3d 129, 142 (Tex. App.—Texarkana 2000, no pet.).  “A motion’s substance is to be determined by
the body of the instrument and its prayer for relief.”  Id.  While the amended motion to compel arbitration
does not pray that the trial court reconsider its prior order per se, it
substantively prays for the same relief as contained in the October 18, 2009,
prayer for relief.  Most importantly, the
amended motion was filed after the trial court denied the first motion to
compel arbitration.  Thus, we conclude,
as did the trial court, that the amended motion to compel was a motion for
reconsideration of the court’s earlier order. 
See In re Valdes, No.
01-08-00165-CV, 2008 WL 1829790, at *1 (Tex. App.—Houston [1st Dist.] Apr. 24, 2008,
no pet.) (mem. op.) (appellant’s motion for reconsideration was amended motion
for new trial and did not extend trial court’s plenary power); In re M.M.L., 241 S.W.3d 546, 560 (Tex.
App.—Amarillo 2006, pet. denied) (amended motion for new trial based on newly
discovered evidence has no impact on appellate timetable); W.A. Moncrief v. M.J. Harvey, 805 S.W.2d 20, 22 n.3 (Tex.
App.—Dallas 1991, no writ) (amended motions had no effect on appellate
timetable).

            Nabors’
amended motion does not extend the appellate timetable.  This case is similar to Hydro Management Systems, LLC v. Jalin, Ltd., No. 04-09-00813-CV,
2010 WL 1817813 (Tex. App.—San Antonio May 5, 2010, no pet. h.) (mem.
op.).  In that case, the trial court
signed, on September 8, 2009, an order denying appellant’s motion to compel
arbitration.  Id. at *1.  A motion for
reconsideration was filed September 25, and the court denied it November 30,
2009.  Notice of appeal was filed
December 17, 2009, within twenty days of the order denying the motion for
reconsideration, but outside of twenty days from the order denying motion to
compel arbitration.  Id.  Our sister court noted
the fact that the later order did nothing to modify the first, ruled that the “motion
for reconsideration did not extend the time for perfecting an appeal of the
trial court’s interlocutory order,” and concluded that notice of appeal was
untimely filed.  Id.  The appeal was dismissed
for want of jurisdiction.  Id.

            Similarly,
the order denying Nabors’ motion to compel arbitration in this case was signed
in July 2009, and notice of appeal was filed March 12, 2010.  Thus, because the notice of appeal was
untimely filed, we dismiss this case for want of jurisdiction.  See
Tex. R. App.
P. 26.1(b).

 

 

                                                                        

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
6, 2010

Date Decided:             July
7, 2010