02-09-332-CV
















 

 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00332-CV

 

 

IN
 THE MATTER OF M.C.S., JR.                                                                          

 

 

------------

 

FROM THE 323RD
DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

OPINION

 

------------

          In one point,
appellant M.C.S., Jr. contends that the evidence is insufficient to support the
trial court’s judgment of delinquency.  We
affirm.

Background
Facts

          In July 2009, the State filed a
petition that accused appellant of violating section 42.092 of the penal code
by setting a bat on fire and therefore cruelly torturing or killing it.[1]  The trial court found probable cause to
believe that appellant had engaged in delinquent conduct, ordered that he be
detained in a detention center, and appointed an attorney to represent him.

          On August 10, 2009, the trial court
held a hearing on the State’s petition, which appellant and his mother attended.  Toward the beginning of the hearing, the
following conversation occurred:

          THE COURT:  Now, according to the pleadings, you’re
charged with cruelty to animals, a charge that, if you were an adult, carries
with it possible jail time.  As a
juvenile, it carries with a possibility of being placed on probation or going
to the Texas Youth Commission.  Either
one of those things can last at least until your 18th birthday and even up to
your 19th birthday, so you’re entitled to a trial.  You’re not required to admit to this charge,
and you’re not going to make anybody angry, you’re not going to change the
punishment range or mak[e] things worse for yourself by asking for a trial.  

 

          You’ve signed waivers
saying a trial is not necessary.  You have
agreed that the attorneys can just tell me what the evidence is in this case
without the need of the formalities of a trial and so I’m going to hear the
evidence about what happened, it looks like, back in July, and if I find it to
be true, proceed on with some additional evidence to decide whether or not you
should be put on probation or not and what the conditions should be.[[2]]

 

          All right.  [Appellant’s counsel], would you waive a full
reading of the petition?

 

          [APPELLANT’S COUNSEL]:  Yes, Your Honor.

          

          THE COURT:  Let’s proceed.

                   . . . .

 

          [THE STATE]: . . .  May it be . . . agreed and stipulated that the
Respondent did violate section 42.092 of the Texas Penal Code, when on or about
the 23rd day of July of 2009, in the County of Tarrant and State of Texas, he
did then and there intentionally or knowingly torture, kill, or -- or torture
or kill in a cruel manner or cause serious bodily injury to an animal, to wit,
a bat, by setting it on fire and burning it.

 

          The State is prepared to
call Fort Worth police officers who would testify that they responded in
reference to a disturbance where kids were knocking on doors and then running
away. They noticed a group of youths at the apartment complex. They made
contact and the group denied having any involvement; however, as the officers
were leaving, they saw the Respondent light something on fire and when they
turned around, the Respondent took off running.  The Respondent was subsequently chased and
caught, at which time the officers later discovered the object that had been
burnt by the Respondent was in fact a bat that was in a -- that a girl had in a
glass jar.

 

          The officers would also
testify that this offense did occur within Tarrant County and the State of
Texas, and the State would rest.

 

          [APPELLANT’S COUNSEL]:  No objections, judge.

 

          The trial court then received a
placement summary and evidence about appellant’s social history.  It also heard testimony from appellant and
his mother. The trial court adjudicated appellant delinquent, placed him on
probation (with several delineated conditions), and ordered that he complete
treatment at the Texas Adolescent Treatment Center.

          In September 2009, appellant, who was
represented by new counsel, filed a motion for new trial, contending that the
evidence is insufficient to support the trial court’s judgment and that he did
not knowingly or voluntarily sign the written stipulation of evidence.  Appellant’s motion was overruled by operation
of law.  Appellant also filed his notice
of this appeal.

Evidentiary Sufficiency

          Appellant contends that the evidence
is insufficient to support the trial court’s judgment because (1) the
stipulation at the hearing does not satisfy the required statutory elements,
(2) he was not properly given statutory warnings, (3) the written
stipulation was involuntary, and (4) he did not orally acknowledge at the
hearing that he agreed to the oral stipulation. 
Although appeals of juvenile court orders are generally treated as civil
cases, we apply a criminal sufficiency standard.  In re
L.A.S., 135 S.W.3d 909, 913–14 (Tex. App.—Fort Worth 2004, no pet.); In re J.D.P., 85 S.W.3d 420, 422 (Tex.
App.—Fort Worth 2002, no pet.). In reviewing the sufficiency of the evidence,
we view all of the evidence in the light most favorable to the judgment to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).[3]  

Statutory elements

          A person commits the offense of
cruelty to nonlivestock animals if the person intentionally, knowingly, or
recklessly “tortures an animal or in a cruel manner kills or causes serious
bodily injury to an animal.”  Tex. Penal
Code Ann. § 42.092(b)(1).  Under section
42.092, an “animal” is a domesticated living creature or a wild living creature
that has been previously captured; the “term does not include an uncaptured
wild living creature.”  Id. § 42.092(a)(2).

          Appellant asserts that the oral
stipulation quoted above does not show that the bat was alive when it was set
on fire or that it had been previously captured. But the stipulation particularly
states that appellant violated section 42.092 and uses the term “animal” as the
statute does.  Also, the stipulation
states that appellant tortured or killed the bat by setting it on fire and that
the bat was in a glass jar; these facts establish that the bat was previously alive
and had been captured.  The record does
not contain any contradicting evidence showing that the bat was dead or had not
been captured when it was set on fire.  Thus,
we hold that the stipulation comprises sufficient evidence to support the
statutory elements of cruelty to nonlivestock animals.  See
id. § 42.092(b)(1); Clayton, 235 S.W.3d at 778; see also In re R.L.S., 707 S.W.2d 726,
728 (Tex. App.—Beaumont 1986, no writ) (holding that a stipulation served as
sufficient evidence in a juvenile case); In
re J.L., 664 S.W.2d 119, 120–21 (Tex. App.—Corpus Christi 1983, no writ)
(overruling a juvenile’s point based on his stipulation).[4]

Statutory warnings

          Next, appellant contends that he did
not receive proper statutory warnings. The family code provides that at the
beginning of an adjudication hearing, the juvenile court judge shall explain to
the child (1) the allegations made against the child, (2) the nature and
possible consequences of the proceedings, including the law relating to the
admissibility of the record of a juvenile court adjudication in a criminal
proceeding, (3) the child’s privilege against self-incrimination, (4) the
child’s right to trial and to confrontation of witnesses, (5) the child’s right
to representation by an attorney if he is not already represented, and (6) the
child’s right to trial by jury.  Tex.
Fam. Code Ann. § 54.03(b) (Vernon Supp. 2010); see In re T.W.C., 258 S.W.3d 218, 220 (Tex. App.—Houston [1st
Dist.] 2008, no pet.).  Appellant admits
that the trial court explained the charge to him and told him about his possible
punishment; however, he contends that the court failed to warn him about his
privilege against self-incrimination in the court’s “streamlined and simplified
admonishments.”

          However, section 54.03 of the family
code also states that to preserve for an appeal “the failure of the court to
provide the child the explanation required by Subsection (b), the attorney for
the child must comply with Rule 33.1, Texas Rules of Appellate Procedure, . . .
before the child pleads to the petition
or agrees to a stipulation of evidence.” 
Tex. Fam. Code Ann. § 54.03(i) (emphasis added).  Neither appellant nor his trial counsel
complained about his statutory admonishments before appellant agreed to the
stipulation of evidence; thus, we hold that appellant failed to preserve any
error related to the admonishments.[5]  See
Tex. R. App. P. 33.1; Tex. Fam. Code Ann. § 54.03(i); In re E.F., 986 S.W.2d 806, 809 & n.8 (Tex. App.—Austin 1999,
pet. denied); see also In re R.W.G., No.
02-02-00083-CV, 2003 WL 1564310, at *2 (Tex. App.—Fort Worth Mar. 27, 2003, no
pet.) (mem. op.) (“At no time . . . did Appellant lodge an objection to the
lack of the required warning. 
Accordingly, the alleged arguable error was not preserved.”).

The written stipulation

          Appellant also contends that “[t]here
is no evidence in the record that [he] voluntarily signed the stipulation” even
though the stipulation, which his trial attorney also signed, states that he
“voluntarily consent[ed] to the stipulation of evidence in this case.”  Appellant relies on article 51.09 of the
family code, which states that rights granted to a child by law may be waived
if (1) the
waiver is made by the child and the attorney for the child, (2) the child and
the attorney waiving the right are informed of and understand the right and the
possible consequences of waiving it, (3) the waiver is voluntary, and (4) the
waiver is made in writing or in court proceedings that are recorded.  Tex. Fam. Code Ann. § 51.09 (Vernon 2008).  Courts review voluntariness by examining the
totality of the circumstances.  See In re R.M., 880 S.W.2d 297, 299 (Tex.
App.—Fort Worth 1994, no writ).

          Appellant raised the voluntariness
issue for the first time in his motion for new trial.  As recently stated by the Amarillo Court of
Appeals, 

          The
granting or denying of a motion for new trial is within the discretion of the
trial court.  In reviewing the trial
court’s decision, our standard of review is whether the trial court abused its
discretion. A trial court abuses its discretion when its action or
decision is not within the zone of reasonable disagreement.  A trial judge’s ruling on a motion for new
trial is presumed to be correct.

 

In re M.M.L.,
241 S.W.3d 546, 560 (Tex. App.—Amarillo 2006, pet. denied) (citations omitted);
see In re R.V., Jr., 8 S.W.3d 692,
693 (Tex. App.—Fort Worth 1999, pet. denied).

          At the hearing on appellant’s motion
for new trial, his mother testified that she did not get to talk with him on
the day of the adjudication hearing, that she did not see the stipulation
before he signed it, that neither she nor he understood the waiver of his
rights, and that before the day of the hearing, he had planned to “tell the
judge that he did not do it.”  She also
said that appellant had a learning disability and that he did “not deserve a
felony” because he did not light the bat on fire and was only “at the wrong
place at the wrong time.”  But the
attorney who represented appellant at the adjudication hearing said during the
motion for new trial hearing that she had numerous conversations with
appellant’s mother, that she ensured that appellant understood the documents
that he was signing, and that the State waived two of appellant’s charges when
it proceeded with the cruelty to animals charge.

          Appellant did not testify at the
motion for new trial hearing.  The
attorney who represented him during that hearing conceded that he could not
“develop as to whether . . . [appellant] did or did not have knowledge and
signed these things voluntarily and knowingly.”

          We conclude that the trial court could
have reasonably determined that appellant’s stipulation was voluntary and denied
(by operation of law) his motion for new trial, despite his mother’s testimony,
based on the cumulative effect of (1) the explicit recital of
voluntariness in the written stipulation, (2) appellant’s trial attorney’s
testimony that appellant understood what he was signing, and (3) the trial
court’s instruction to him at the adjudication hearing that he was not “required
to admit to this charge” and was “not going to make anybody angry” by asking
for a trial.  Thus, we hold that the
trial court did not abuse its discretion by denying his motion for new trial.  See
M.M.L., 241 S.W.3d at 560.

The oral stipulation

          Finally, appellant argues that the
oral stipulation presented by the State during the adjudication hearing was “so
defective that it failed to reveal whether [he] was knowingly, intelligently,
voluntarily and willingly” making the stipulation. Specifically, appellant
contends that the trial court should have sought an oral response from
appellant after the State presented the stipulation and that his counsel’s
“[n]o objections” response was insufficient.

          Appellant relies on our decision in In re M.A.O., in which we recited the
following events that occurred in that case:

When asked to make a plea as to the burglary of a
habitation allegation, Appellant pleaded true.  Appellant agreed that he understood his rights
and that he was pleading true because that was what he intended to do and for
no other reason.  Appellant also agreed
that he had not been threatened through fear of force, promised anything in
exchange for his plea of true, or pressured to plead through any persuasion or hope of
pardon.  Appellant acknowledged that he
was knowingly, intelligently, voluntarily, and willingly making his plea of
true.

 

No. 02-03-00262-CV,
2004 WL 1746890, at *1 (Tex. App.—Fort Worth Aug. 5, 2004, no pet.) (mem. op.).  Based on M.A.O.
and other cases, appellant contends that an “oral in[-]court Stipulation should contain an audible utterance from
the juvenile.”  [Emphasis added.]  But appellant has not cited authority showing
that such an “audible utterance” must
occur to validate a stipulation, and we have found none.  Also, appellant’s argument contravenes
section 51.09 of the family code, which states that a juvenile may waive rights
“in writing or in court proceedings
that are recorded.”  Tex. Fam. Code Ann. §
51.09(4) (emphasis added).  Therefore, we
cannot agree with appellant’s contention that for his stipulation to be
effective, he was required to personally, orally reaffirm it during the
adjudication hearing.

          For all of these reasons, having rejected
each of appellant’s arguments, we overrule his sole point.

Conclusion

          Having overruled appellant’s only point,
we affirm the trial court’s judgment.                      

 

                                                                             
 
 
 
 
 
 
 
 TERRIE LIVINGSTON

                                                                             
 
 
 CHIEF JUSTICE

 

 

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  October 21, 2010











[1]See Tex. Penal Code Ann. § 42.092(b)(1) (Vernon Supp.
2010).  The State’s petition
indicated that appellant was sixteen years old at the time of the petition’s
filing and contained paragraphs alleging that he also fled from police and gave
an officer a false date of birth.





[2]Appellant
and his trial attorney signed a stipulation of evidence stating they were
informed of and understood appellant’s rights to present and confront witnesses
but that they were voluntarily consenting “to the stipulation of evidence in
this case.”  They specifically consented
to the “introduction of testimony by oral stipulation.”  They acknowledged in the same document that
they understood the consequences of appellant’s waiving his right to a jury
trial.





[3]After the briefing
and submission of this case, the court of criminal appeals held that there is
“no meaningful distinction between the . . . legal-sufficiency standard and the
.  . . factual-sufficiency standard, and these two standards have
become indistinguishable.”  Brooks v. State, PD-0210-09, 2010 WL
3894613, at *8 (Tex. Crim. App. Oct. 6, 2010). 
Thus, the Jackson standard is
the “only standard that a reviewing court should apply in determining whether
the evidence is sufficient to support each element of a criminal offense that
the State is required to prove beyond a reasonable doubt.  All other cases to the contrary . . . are
overruled.”  Id. at *14.  Accordingly, we
apply the Jackson standard of review
to appellant’s sufficiency complaint.





[4]Appellant
concedes that a stipulation may constitute sufficient evidence to support a
juvenile adjudication.





[5]We
do not express an opinion on whether the trial court’s statement to appellant
that he was not “required to admit to this charge” satisfied the court’s duty
to inform appellant about his privilege against self-incrimination.