NO









NO. 12-08-00272-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

GLENN RAY WINGARD,

APPELLANT                                                     '     APPEAL
FROM THE 2ND

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     CHEROKEE
COUNTY, TEXAS

APPELLEE





                                                      MEMORANDUM
OPINION

            Glenn
Ray Wingard appeals his convictions for aggravated sexual assault of a child
and indecency with a child.  He raises eight issues on appeal.  We affirm. 

 

Background

Appellant
was indicted on one count of aggravated sexual assault of a child and one count
of indecency with a child.  He pleaded not guilty.  The record shows that
Appellant is the alleged victim’s father.  W.W., the victim, lived with both
parents, his maternal grandmother, two maternal aunts, and a maternal uncle in
one home until his parents separated in 2000.  His mother moved to Houston, and
W.W. remained in the home with his father and the rest of his relatives.  W.W.’s
father eventually moved to his own home, and W.W. then spent time at both
homes.  He was home schooled by his aunt at her home. 

At
trial, W.W. testified that when he was four or five years old, while spending
the night at Appellant’s home, he was about to take a bath and realized there
were no towels in the bathroom.  Already undressed, he went into Appellant’s room
to get a towel.  W.W. testified that Appellant was in the room, and that he
began touching W.W. on his chest and penis.  W.W. stated further that Appellant
then unsuccessfully tried to insert his penis into W.W.’s “bottom,” and his
penis touched W.W.’s anus.

W.W.
also testified that when he was eleven years old, he disclosed the incident for
the first time by telling a friend.  W.W.’s friend testified that W.W. told him
about the incident while the two played video games.  W.W.’s friend told his
mother, who then told W.W.’s mother.  W.W. stated that when his mother asked
him about the incident, he denied that anything occurred.  He stated further that
his mother talked to his aunt, who in turn talked to him.  According to W.W.,
when he was first questioned by his aunt, he did not admit that any sexual
abuse occurred, but soon thereafter he recounted the details of the incident to
her.  W.W.’s aunt notified the authorities, and an investigation ensued, which
included interviews of Appellant, W.W., and W.W.’s aunt.  Cherokee County
Sheriff’s Department (CCSD) Investigator Gina Battley testified that she initially
decided not to arrest Appellant due to “inconsistencies” in W.W.’s story.  For
reasons not apparent in the record, CCSD later arrested Appellant.  

Appellant
attempted to develop the defensive theory that W.W. fabricated his testimony
because he and W.W. had an argument at Thanksgiving dinner, just days before
the initial outcry.  The jury convicted Appellant of both counts and sentenced
him to seventy-five years of imprisonment on the aggravated assault count and
twenty years on the indecency count.  He timely appealed.

 

Sufficiency of the Evidence and Denial 

of Motion for Directed Verdict

            In
his first four issues, Appellant challenges the legal and factual sufficiency
of the evidence to support the verdict.  In his fifth and sixth issues, he
contends that the trial court erroneously denied his motion for directed
verdict.[1]
 Because these six issues are intertwined, we address them together.

Standard
of Review

In
reviewing the legal sufficiency of the evidence to support a conviction, and
the denial of a directed verdict in a criminal trial, we view all of the
evidence in the light most favorable to the prosecution in order to determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Canales
v. State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003) (directed verdict);
LaCour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000)
(legal sufficiency); Williams v. State, 937 S.W.2d 479, 482
(Tex. Crim. App. 1996) (directed verdict).  The jury is the sole judge of the
credibility of witnesses and of the weight to be given their testimony.  Barnes
v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994).  Any
reconciliation of conflicts and contradictions in the evidence is entirely
within the jury’s domain.  Losada v. State, 721 S.W.2d 305, 309
(Tex. Crim. App. 1986).  Likewise, it is the responsibility of the jury to
weigh the evidence and draw reasonable inferences from basic facts to ultimate
facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.

In
conducting a factual sufficiency review, we look at the evidence in a neutral
light.  Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App.
2008).  A verdict will be set aside if the evidence supporting the conviction,
although legally sufficient, is so weak that the jury's determination is
clearly wrong and manifestly unjust, or if there is some objective basis in the
record that shows the great weight and preponderance of the evidence
contradicts the jury's verdict.  Berry v. State,
233 S.W.3d 847, 854 (Tex. Crim. App. 2007); Watson v. State, 204
S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006).  A clearly wrong and unjust
verdict occurs where the jury’s finding is manifestly unjust, shocks the
conscience, or clearly demonstrates bias.  Berry, 233 S.W.3d at
854.

Although
we are authorized to disagree with the jury’s determination, even if probative
evidence exists that supports the verdict, our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  Santellan v. State, 939 S.W.2d
155, 164 (Tex. Crim. App. 1997).  Unless we conclude that it is necessary to
correct manifest injustice, we must give due deference to the jury's
determinations.  Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).  It is not enough that we might harbor a subjective level of
reasonable doubt to overturn a conviction that is founded on legally sufficient
evidence.  See Watson, 204 S.W.3d at 417. 

Applicable
Law

As
pertinent here, a person commits the offense of aggravated sexual assault if he
intentionally or knowingly causes the anus of a child to contact the mouth,
anus, or sexual organ of another person, including the actor, and the victim is
younger than fourteen years of age.  See Tex. Penal Code Ann. § 22.021(a)(1)(B)(iv), (2)(B) (Vernon Supp. 2009). 

A
person commits indecency with a child by engaging in sexual contact with a
child or causing a child to engage in sexual contact.  Id. §
21.11(a)(1) (Vernon Supp. 2009).  “Sexual contact” means that, with the intent
to gratify the sexual desire of any person, 1) a person touches, including
through clothing, the anus, breast, or any part of the genitals of a child, or 2)
a person uses his anus, breast, or any part of his genitals to touch, including
through clothing, any part of a child’s body.  Id. § 21.11(c). 

The
uncorroborated testimony of a child victim is sufficient to support a
conviction for aggravated sexual assault of a child and indecency with a child.
 Tex. Code Crim. Proc. Ann. art.
38.07(a), (b) (Vernon 2005); Rodriguez v. State, 819 S.W.2d 871,
873 (Tex. Crim. App. 1991); Tear v. State, 74 S.W.3d 555, 560
(Tex. App.—Dallas 2002, pet. ref'd).

Legal
Sufficiency

As
to the aggravated sexual assault count, Appellant contends that the evidence is
legally insufficient to show that his penis touched W.W.’s anus.  More
specifically, he contends that W.W. never stated what a penis or an anus is or
where those body parts are located.  A child need not testify in the terms of
the statutory language, but may use unsophisticated language to describe the
sexual assault in a manner sufficient to sustain the conviction.  Zuniga v.
State, 811 S.W.2d 177, 179-80 (Tex. App.—San Antonio 1991, no pet.); Villalon
v. State, 791 S.W.2d 130, 133-34 (Tex. Crim. App. 1990).  “To hold
otherwise would be to encourage those persons capable of such heinous crimes to
prey upon innocent children with no recourse in the law.”  Zuniga,
811 S.W.2d at 180. 

W.W.
testified that he was “in bed and everything and [Appellant] was touching” him.
 W.W. said that Appellant touched his private area, but then clarified by
saying that Appellant touched him on his chest and penis and that those two
areas were included in his private area.  W.W. testified that Appellant then “tried
to stick his penis in [him], but it wouldn’t go.”  He later stated that
Appellant tried to stick his penis “in his bottom,” and that he knew what an
anus was.  He testified that Appellant’s penis touched his anus.  This evidence
is legally sufficient evidence to support the jury’s verdict on the aggravated
sexual assault count.

As
to the indecency count, Appellant contends that the evidence is legally
insufficient to show that he formed the specific intent to arouse or gratify
the sexual desire of any person.  The specific intent to arouse or gratify
sexual desire can be inferred from the defendant’s conduct, his remarks, and
all surrounding circumstances.  See McKenzie v. State, 617 S.W.2d
211, 216 (Tex. Crim. App. 1981); Tucker v. State, 109 S.W.3d 517,
523 (Tex. App.—Tyler 1999, pet ref’d).  A defendant’s conduct alone is
sufficient to demonstrate intent.  McKenzie, 617 S.W.2d at 216. 

According
to W.W.’s testimony, Appellant first touched W.W.’s chest, then his penis, and
immediately thereafter used his penis to touch W.W.’s anus.  Although the
record does not indicate that Appellant said anything during the incident, the
jury reasonably could have inferred from the sequence of events and the nature
of the contact that Appellant intended to arouse or gratify his own sexual
desire.  Therefore, the evidence is legally sufficient to support the jury’s
verdict on the indecency count.   

Since
the evidence is legally sufficient to support the verdict on both the
aggravated sexual assault count and the indecency count, the trial court did
not err in denying Appellant’s motion for directed verdict on both counts. 

Factual
Sufficiency

Appellant
asserts that the record contains substantial evidence that is contrary to the
jury’s verdict.  According to Appellant, he and W.W. had an argument just a few
days prior to the outcry, which occurred six to seven years after the alleged
incident.  Given the length of time between the outcry and the argument,
Appellant contends that W.W. fabricated the allegations against him.  Next, Appellant
points out that when W.W.’s mother asked him about the incident, W.W. denied
that any misconduct occurred.  Furthermore, when interviewed by JoAnn
Lutmer-Paulson,[2]
 W.W. stated that Appellant only touched his chest.  However, she also
testified that based on her training, experience, and interactions with W.W.,
she believed W.W. was not completely forthcoming when she interviewed him.  Finally,
Appellant calls our attention to Investigator Gina Battley’s initial decision
not to arrest him because of inconsistencies in W.W.’s story.  But, Dr. Gayle
Burress,[3]
the State’s expert witness, testified that children often choose not to
disclose all of the misconduct for a variety of reasons, such as the child may
want to protect the loved one that committed the misconduct, the child may be
embarrassed, or the child may be fearful of retaliation. 

Questions
regarding the weight and credibility of witness testimony are for the jury.  See
Santellan, 939 S.W.2d at 164.  When there is conflicting evidence,
the jury’s resolution of the conflicts is generally regarded as conclusive.  Van
Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.—El Paso 1996, writ ref’d).
 Here, the jury resolved the conflicts in favor of the State, which it was
authorized to do.  Cain v. State, 958 S.W.2d 404, 409-10 (Tex. Crim.
App. 1997). 

Having
reviewed the record in its entirety, we have not observed any evidence that
causes us to conclude that the proof of Appellant’s guilt is so obviously weak
that the jury’s determination is clearly wrong or manifestly unjust.  Nor can
we conclude that the great weight and preponderance of the evidence contradicts
the jury’s verdict.  Therefore, the evidence is also factually sufficient to
support the trial court’s judgment.  

We
overrule Appellant’s first through sixth issues. 

Denial of Appellant’s Motion for Mistrial

            In
his seventh issue, Appellant contends that the trial court abused its
discretion in denying his motion for a mistrial after a witness referred to
Appellant’s status as a probationer in violation of the motion in limine. 

Standard
of Review and Applicable Law

We
review the trial court’s denial of a motion for mistrial under an abuse of
discretion standard.  Russeau v. State, 171 S.W.3d 871, 885 (Tex.
Crim. App. 2005) (citing Ladd v. State, 3 S.W.3d 547, 567
(Tex. Crim. App. 1999)).  The determination of whether a given error
necessitates a mistrial must be made by examining the particular facts of the
case.  Id. at 567; Hernandez v. State, 805 S.W.2d
409, 414 (Tex. Crim. App. 1990).  The factors to be considered in determining
whether the trial court abused its discretion in denying a mistrial are 1) the
severity of the misconduct (magnitude of the prejudicial effect); 2) measures
adopted to cure the misconduct (efficacy of any cautionary instruction by the
judge); and 3) the certainty of conviction absent the misconduct.  See Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc); see
also Ramon v. State, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004). 

A
motion for mistrial will be granted only in “extreme circumstances, where the
prejudice is incurable.”  Hawkins, 135 S.W.3d at 77.  Prejudice
is incurable if “the reference [is] clearly calculated to inflame the minds of
the jury or was of such damning character as to suggest it would be impossible
to remove the harmful impression from the jurors’ minds.”  Rojas v. State,
986 S.W.2d 241, 250 (Tex. Crim. App. 1998); see also Bauder v. State,
921 S.W.2d 696, 698 (Tex. Crim. App. 1996).  An improper question rarely
requires the granting of a mistrial because generally the harm can be cured by
an instruction to disregard.  Russeau, 171 S.W.3d at 885 (citing Ladd,
3 S.W.3d at 567); see also Hernandez, 805 S.W.2d at 413-14.  The
same is true for a nonresponsive and improper answer.  Hughes v. State,
878 S.W.2d 142, 154 (Tex. Crim. App. 1993).

Discussion

            Appellant
contends that the following line of questioning violated the motion in limine
and warranted a mistrial:

            Q:            Can you tell me just
generally your activities that day?

A:            Well, I did school with [W.W.] in the
morning.  It was the 3rd so we probably        ran errands as we do the 3rd.  I’m
pretty much the chauffeur as far as getting my    brother from work to his next
job, getting my sister from her job.  Sometime that     evening I did pick up
[Appellant] and he had called and asked if I could give       him a ride to Wal-Mart
so he could buy groceries.

 

Q:            Was that unusual for him to call and ask
for you to do a favor?

 

A:            No, ma’am.  We frequently went out and
got him and brought him into town or took him                to his probation
meetings.

 

Trial counsel
immediately objected and moved for an instruction to disregard, both of which
were sustained.  He then moved for a mistrial, which was denied.  The witness
clarified her answer and stated that “we were his ride to many errands and
places.” 

A
witness’s inadvertent reference to an extraneous offense is generally cured by
a prompt instruction to disregard.  Kipp v. State, 876
S.W.2d 330, 339 (Tex. Crim. App. 1994).  Also, a brief general statement
regarding prior incarceration will usually be cured by an instruction to
disregard.  See, e.g., Tennard v. State, 802 S.W.2d 678, 685-86
(Tex. Crim. App. 1990); Sperling v. State, 924 S.W.2d 722, 724-25
(Tex. App.—Amarillo 1996, pet. ref'd).  Likewise, a brief reference to the
defendant’s probationary status in violation of a motion in limine should
usually be cured by an instruction to disregard the improper question and/or
improper answer.  See Kemp v. State, No. 01-03-00571-CR, 2004 WL
1403405, at *1-2 (Tex. App.—Houston [1st Dist.] June 24, 2004, pet. ref’d) (mem.
op., not designated for publication) (holding that the nonresponsive answer
“[w]ell, the photo we used in the photo lineup, like I said, we obtained that
through [appellant's] parole officer” did not require a mistrial). 

Our
review of the record reveals that the testimony was nonresponsive to the
question asked, was vague, and did not refer to any particular offense.  The
record also reflects that the complained of testimony was not emphasized in any
manner and was not subsequently referred to.  Although the testimony informed
the jury that Appellant was on probation, we cannot conclude, given the record
before us, that the response was “clearly calculated to inflame the jury” and
was “of such character” that the instruction to disregard was insufficient and
a mistrial should have been granted.  The trial court instructed the jury to
disregard the testimony, and we presume the jury followed the trial court's
instruction.  See Ladd, 3 S.W.3d at 567.  Finally, in light of
our review of the evidence described above in our discussion of the legal and
factual sufficiency of the evidence, as weighed against the severity of
misconduct, the reference to Appellant’s status as a probationer likely had
little or no effect on the jury’s conviction of Appellant.

Appellant’s
seventh issue is overruled.

Admissibility of Outcry Testimony

In
his eighth issue, Appellant argues that the trial court erred by allowing the
testimony of W.W.’s aunt about W.W.’s oral statement to her.

Standard
of Review

Generally,
we review a trial court’s ruling on the admission of evidence for an abuse of
discretion.  See Casey v. State, 215 S.W.3d 870, 879 (Tex. Crim.
App. 2007); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1991) (op. on reh’g). Specifically, a trial court’s determination that an
outcry statement is admissible under article 38.072 is reviewed for an abuse of
discretion.  See Nino v. State, 223 S.W.3d 749, 752 (Tex. App.—Houston [14th Dist.] 2007, no pet.); see also Garcia v. State, 792 S.W.2d 88,
91-92 (Tex. Crim. App. 1990). 

Applicable
Law

Hearsay
is “a statement, other than one made by the declarant while testifying at the
trial or hearing, offered in evidence to prove the truth of the matter
asserted.”  Tex. R. Evid. 801(d).
 Hearsay statements, while generally inadmissible, may be admitted under
specific conditions when public policy supports their use, and the
circumstances surrounding the making of those statements support their
reliability.  See Martinez v. State, 178 S.W.3d 806, 810 (Tex. Crim. App. 2005).  The legislature has determined that one such situation is the
outcry, or self-reporting, statement of a child victim of sexual or physical
abuse.  Id. at 810-11; see Act of May 11, 1995, 74th Leg.,
ch. 76, § 14.25, eff. Sept. 1, 1995 (amended 2009) (current version at Tex. Code Crim. Proc. Ann. art
38.072 (Vernon Supp. 2009)).

However,
the use of such out of court statements is carefully limited.  Only those
statements made to a person eighteen years of age or older qualify, and then
only if the child was twelve or younger when the abuse occurred.  See Act
of May 11, 1995, 74th Leg., ch. 76, § 14.25. [4]
 The state must provide adequate pretrial notice to the defendant of its intent
to introduce the child’s outcry statement, and it must provide the name of the
outcry witness and a summary of the hearsay statement.[5]
 Tex. Code Crim. Proc. Ann.  art.
38.072, § 2(b)(1).  Furthermore, the trial court must determine, outside the
presence of the jury, that the statement is reliable “based on the time,
content, and circumstances of the statement,” and the child must testify at
trial or be available to testify.  Id. § 2(b)(2), 2(b)(3). 

The
statute is silent as to how detailed the summary of the statement must be and
how it is to be compared to the testimony offered at trial.  See Tex. Code Crim. Proc. Ann. art. 38.072;
In re M.M.L., 241 S.W.3d 546, 553-54 (Tex. App.—Amarillo 2006,
pet. denied).  However, the courts have long held that the purpose of the
summary requirement is simply to prevent the defendant from being surprised by
the introduction of the outcry statement.  Gay v. State, 981
S.W.2d 864, 866 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); see also
In re M.M.L., 241 S.W.3d at 554 (applying the summary requirement
found in Texas Family Code section 54.031, which, in pertinent part, is
identical to Texas Code of Criminal Procedure article 38.072).  The summary
must give the defendant notice of the content and scope of the outcry statement
and is sufficient if it reasonably informs the appellant of the essential facts
related to the outcry statement. Davidson v. State, 80 S.W.3d
132, 136 (Tex. App.—Texarkana 2002, pet. ref'd).  But, the summary “must be
more than words which give a general allusion that something in the area of
child abuse was going on.”  Garcia, 792 S.W.2d at 91; Davidson,
80 S.W.3d at 136.

 

Discussion

            Appellant
argues that the summary of the outcry statement was vague and failed to state
an offense.  Although Appellant’s specific complaint is not entirely clear from
his brief, it appears that Appellant complains of the following portions of the
statement provided by W.W.’s aunt, the State’s outcry witness:  “[W.W.] then
said, ‘he tried but it wouldn’t work.’  I asked ‘you mean he tried but it
wouldn’t go in?’  He said, ‘yes.’”  Thus, according to our reading, Appellant
contends, in substance, that the testimony of the W.W.’s aunt was inadmissible
hearsay because the State did not comply with the article 38.072 requirement
that the summary provide more than a general allusion that child abuse “was
going on.” 

Even
if, as Appellant suggests, the testimony was inadmissible because the summary was
no more than a “general allusion that something in the area of child abuse was
going on,” the admission of such evidence is nonconstitutional error.  Therefore,
we must disregard it unless it affected Appellant’s substantial rights.  Tex. R. Evid. 103(a); Tex. R. App. P. 44.2(b); see, e.g., Dorado
v. State, 843 S.W.2d 37, 38 (Tex. Crim. App. 1992) (requiring a nonconstitutional
harm analysis for hearsay statements incorrectly admitted as exceptions under
article 38.072).  An error affects a substantial right “when the error [has] a
substantial and injurious effect or influence in determining the jury's
verdict.”  King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).
 Thus, we affirm a criminal conviction despite nonconstitutional error if,
after examining the record as a whole, we are left with the fair assurance that
the error did not influence the jury or influenced the jury only slightly.  Schutz
v. State, 63 S.W.3d 442, 443 (Tex. Crim. App. 2001) (citing Morales
v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000); Johnson v.
State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)); see also O'Neal
v. McAninch, 513 U.S. 432, 438, 115 S Ct. 992, 995, 130 L. Ed. 2d 947
(1995) (error must be treated as harmful if “grave doubt” exists as to whether
it had a “substantial and injurious effect or influence” upon the jury).  We
analyze the whole record to determine if the trial court's error had no effect
or only a slight effect on the jury's decision.  Schutz, 63
S.W.3d at 444.  Our analysis goes beyond the fact that the jury's credibility
determinations had an impact on its verdict.  Id. at 445.  We
consider all the evidence, the nature of the evidence supporting the verdict,
and the character of the error and its relationship to other evidence to
determine if the error substantially affected an appellant's rights.  Morales,
32 S.W.3d at 867.

            W.W.’s
aunt testified as the outcry witness.  W.W. also testified at trial.  Even
under intense cross examination, W.W. was unwavering in his assertion that
Appellant’s penis touched his anus, and that Appellant touched his chest and
penis.  The trial court did not call attention to the testimony of W.W.’s aunt
in its instructions and charge to the jury.  In his closing argument, the
prosecutor focused on W.W.’s testimony.  The testimony of W.W.’s aunt was
referred to by the prosecutor in rebuttal after Appellant’s trial counsel
mentioned the testimony in his closing argument.  Considering the record as a
whole, we are left with fair assurance that the testimony of W.W.’s statement
to his aunt did not influence the jury or influenced the jury only slightly.  See
Schutz, 63 S.W.3d at 443.  Thus, we conclude the trial court's
error, if any, did not have a substantial and injurious effect or influence in
determining the jury’s verdict, and did not affect Appellant’s substantial
rights.  Therefore, any error in admitting the testimony is harmless.  See Tex. R. App. P. 44.2(b). 

We
overrule Appellant’s eighth issue.

Disposition

We
affirm the judgment of the trial court.

 

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

 

 

Opinion delivered December 31, 2009.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









                [1] 
In Appellant’s first and third issues, he challenges the legal and factual
sufficiency of the evidence to support the verdict on the aggravated sexual
assault of a child count.  In his second and fourth issues, he asserts that the
evidence is legally and factually insufficient to support the verdict on the
indecency with a child count.  In his fifth and sixth issues, he challenges the
trial court’s denial of his motion for directed verdict on both counts.  A
complaint about the denial of a directed verdict in a criminal trial is the
equivalent of a legal sufficiency challenge.  Williams v. State,
937 S.W.2d 479, 482 (Tex. Crim. App. 1996). 





                [2] 
JoAnn Lutmer-Paulson was a forensic interviewer for the Children’s Advocacy
Center of Cherokee and Anderson Counties at the time of W.W.’s outcry.  

 





                [3] 
Dr. Gayle Burress is a psychologist.





                [4] 
The statute has been amended since the date of the offenses in this case.  See
Act of June 19, 2009, 81st Leg., R.S., ch. 710, H.B. 2846, § 1 (effective
Sept. 1, 2009).  However, the amendments are not germane to the issues
before us.  Therefore, for ease of reference, we cite to the current version of
the statute unless otherwise indicated.





 

                [5]
The proper outcry witness is the first adult “to whom the child makes a
statement that in some discernible manner describes the alleged offense.”  Garcia,
792 S.W.2d at 91.