**Michael Owen GAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–95–01116–CR, 01–95–01117–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 30, 1998.

Frances Northcutt, Houston, for appellant.

John B. Holmes, Kevin P. Yeary, Houston, for appellee.

Before ANDELL, TAFT and PRICE,* JJ.

## OPINION

ANDELL, Justice.

Appellant was convicted by a jury of two charges aggravated sexual assault and was assessed punishment at concurrent sentences of seven and 20 years in prison. We reverse.

### Outcry Testimony

In point of error one, appellant contends the trial court erred by allowing the complainant's hearsay statements to be offered through an outcry witness. At trial, the outcry witness testified the complainant said appellant bothered her, made her touch him, threatened her, touched her everywhere, and kissed her. The outcry witness also testified complainant said she did not want to live at her own home anymore and asked if she could come and live with the outcry witness.

Appellant objected prior to the testimony, but the court overruled the objection. When the outcry witness's testimony turned to complainant's outcry, appellant again object-

---

\* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Hous-    ton, participating by assignment.

ed and again was overruled. Appellant then secured a running hearsay objection.

■ Hearsay is not admissible except as provided by statute or by the rules of criminal evidence. TEX.R. EVID. 802; *Long v. State,* 800 S.W.2d 545, 547 (Tex.Crim.App. 1990). Article 38.072 of the Texas Code of Criminal Procedure provides a statutory exception to the hearsay rule. *Long,* 800 S.W.2d at 547. For the complainant's hearsay statement to be admissible, the statement must satisfy the requirements of article 38.072:

> (a) This article applies only to statements that describe the alleged offense that:
>
>> (1) were made by the child against whom the offense was allegedly committed; and
>>
>> (2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.
>
> (b) A statement that meets the requirements of subsection (a) of this article is not inadmissible because of the hearsay rule if:
>
>> (1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:
>>
>>> (A) notifies the adverse party of its intention to do so;
>>>
>>> (B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and
>>>
>>> (C) provides the adverse party with a written summary of the statement;
>>
>> (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and
>>
>> (3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

TEX.CODE CRIM. P. ANN. art. 38.072, § 2 (Vernon Supp.1998).

· Appellant argues that the court should not have allowed the hearsay testimony because he did not receive a sufficient written summary of the statement. The pertinent part of the notice provided the outcry witness's name and summarized the outcry statement as follows: "On June 14, 1995, [the complainant] told [the outcry witness] that Mike, a man who lives with her family, had kissed her and touched her." Because he was given notice only of kissing and touching, appellant contends the notice did not meet the statutory hearsay exception requirements.

■ The purpose of the notice requirement is to prevent the defendant from being surprised by the introduction of the outcry-hearsay testimony. *Gottlich v. State,* 822 S.W.2d 734, 737 (Tex.App.—Fort Worth 1992, pet. ref'd). To achieve this purpose, the written summary must give the defendant adequate notice of the content and scope of the outcry testimony. *Id.* This Court addressed the sufficiency of an outcry summary in *Biggs v. State,* 921 S.W.2d 282 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). In *Biggs,* the summary provided: "On June 29, 1991 the Defendant had sexual contact with [the complainant] and also exposed his genitals to her while she was at the Defendant's home visiting the Defendant's daughter." *Id.* at 285. The *Biggs* trial court allowed the outcry witness to testify about "games." *See id.* However, the summary did not discuss information that the complainant related to her mother about "games," which involved sexual activity with appellant. This Court found the summary was deficient, because it provided little more information than was contained in the indictment and certainly did not summarize the detailed information the complainant related to her mother.

■ In appellant's case, the summary only stated that the appellant had "kissed and touched" complainant. It did not state appellant had "bothered" her, made her touch him, or threatened her. It also did not include anything about the complainant telling the outcry witness she wanted to come and live with her. Nevertheless, the court allowed the outcry witness to testify to these matters. Given the expanded statement permitted by the trial court, we find the appellant did not receive a sufficient summary of the outcry statement the State intended to offer.

The State argues that the complainant's statement to the outcry witness was an excited utterance, thus, was admissible as an exception to the general rule precluding admission of hearsay evidence. TEX. R. EVID. 803(2). The complainant made the statement approximately 10 days after the date on which the latest offense was alleged to have occurred. To qualify under the excited utterance exception, the declarant must not have an opportunity for reflection or deliberation. The theory of this exception is simply that circumstances may produce a condition of excitement that temporarily stills the capacity of reflection and produces utterances free of conscious fabrication. S. GOODE, O. WELLBORN & M. SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE § 803.3, at 131 (1988). We are persuaded the complainant most likely deliberated about the offense during that 10–day lapse.

The State also argues that an error in admitting evidence may be waived if the aggrieved party himself introduces evidence to the same effect, or permits his opponent to do so at another point in the trial without objection. *See Narvaiz v. State*, 840 S.W.2d 415, 430 (Tex.Crim.App.1992). Appellant did not object to the complainant's testimony that she talked to the outcry witness on the phone and told her what was happening to her. This testimony, however, does not convey the same information that the outcry witness stated in her testimony. Because the outcry witness's testimony covered different ground, the State's argument that appellant "opened the door" is unpersuasive. *See Narvaiz*, 840 S.W.2d at 430.

The Court of Criminal Appeals has instructed the appellate courts that when the State fails to comply with article 38.072, we must engage in a harm analysis to "quantify the effect of the error." *Dorado v. State*, 843 S.W.2d 37, 38 (Tex.Crim.App.1992). We will not reverse unless we conclude the error affected a substantial right of the appellant. *See* TEX.R.APP. P. 44.2(b). A substantial right is affected when the error had a sub-

stantial and injurious effect or influence in determining the jury's verdict. *See Kotteakos v. U.S.*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946); *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997).

The purpose of the notice and summary requirements are to prevent surprise. *Biggs*, 921 S.W.2d at 286. In the hearing and during the trial, the appellant's counsel continuously objected that the outcry witness's testimony did not comport with article 38.072, indicating that the summary did not provide enough detail.[1] The notice covered only appellant kissing and touching the complainant. It did not cover appellant "bothering" her or, significantly, making her touch him and threatening her. By comparison to *Biggs*, appellant had even less notice of the forthcoming outcry testimony. The State heavily emphasized the outcry witnesses testimony during closing argument. To allow important testimony in evidence without notice, where the legislature expressly requires notice, would undermine the legislature's intent to protect a substantial right.

Our examination of the record in its entirety leads us to conclude the error affected a substantial right of the appellant, in that it had an injurious influence on the jury's verdict.

We sustain point of error one.

We do not address the remaining points of error.

We reverse the judgment and remand the cause.

TAFT, Justice, dissenting.

I respectfully dissent because the majority opinion addresses a different issue from that raised in appellant's first point of error. Appellant's argument under his first point of error is based on his trial objection complaining that the State's notice was factually insufficient because in summarizing the hearsay statement, it merely related innocent activity. The majority opinion addresses a different

---

1. The State counters by saying appellant had access to the State's file, but the contents of that file are not a part of our record. *See also Buchanan v. State*, 911 S.W.2d 11, 15 (Tex.Crim. App.1995) (State's open file policy not equivalent of required notice of intent to use extraneous offenses).

issue, whether the trial court allowed evidence beyond the scope of that for which notice was given.

Addressing the issue raised by appellant's brief, I would hold that article 38.072 requires only that the hearsay statement "describe the offense": "This article applies only to statements that describe the alleged offense...." Tex.Code Crim. P. Ann. Art. 38.072 § 2(a) (Vernon Supp.1998). It does not require that an offense be set out in all of its details.

Because the majority addresses an issue different from that raised by appellant, and different from appellant's objection at trial, I respectfully dissent.