Affirmed and Memorandum Opinion filed May 14, 2009








Affirmed and Memorandum Opinion filed May 14, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-08-00137-CR
& 14-08-00138-CR

____________

 

JAMES RICHARD WEEKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause Nos. 1088961
& 1103692

 



 

M E M O R A N D U M   O P I N I O N

Appellant James Richard Weeks was convicted of two counts
of aggravated sexual assault of a child and sentenced to twenty-two years= imprisonment for
each count.  In two issues, appellant contends that the trial court erred in
admitting (1) outcry witness testimony and (2) hearsay statements made by the
complainant to a physician during a medical evaluation for suspected child
abuse.  We affirm.








I.  Background

Appellant was tried on two counts of aggravated sexual
assault of the complainant, his stepson, who was under seven years old at the
time of the alleged abuse.  Before trial, the State filed a notice of intent to
use the complainant=s outcry statement to his mother, Frances
Lane Alleman, under the hearsay exception provided by article 38.072 of the
Texas Code of Criminal Procedure.  The written summary of Alleman=s anticipated
testimony reads as follows:

Frances Lane Alleman: Ms. Alleman
indicated she was home with her children.  While medicating her daughter, . . .
[the complainant] got onto the bed and started acting out in a sexual manner. 
Ms. Alleman said she asked [the complainant] where he learned this and [the
complainant] indicated from [appellant].  [The complainant] told her
[appellant] did things to them sometimes.  When asked what things, [the
complainant] told her that [appellant] would put his penis into his butt.  Ms. 
Alleman said [the complainant] told her it would happen when she was gone in
the evenings.  [The complainant] told and showed Ms. Alleman how he would have
to get on his knees.  He said he cried and told the defendant to stop.  [The
complainant] then drew her some pictures of how it would happen and made a
motion as to the penis going in and out of his butt.  [The complainant] told
her it had been happening for awhile.

In a preliminary hearing held outside the jury=s presence to
determine the admissibility of Alleman=s testimony, she
also testified that on the evening of the outcry the complainant (1) asked her
beforehand if it is Aalways important to tell the truth@ and (2) told her
he was Amaking [his] penis
grow stronger@ when Alleman observed him masturbating.  At trial,
Alleman additionally testified that during a phone call when she was in Paris
several months before the outcry, the complainant asked her Ahow much longer am
I going to have to survive this?@  The trial court
found the additional statements admissible despite appellant=s objections that
they were not included in the summary in violation of article 38.072.








Dr. Reena Isaac, who performed the complainant=s suspected child
abuse evaluation, testified that when she asked the complainant why he was
there, he replied A[b]ecause my dad did something bad to me,@ and that when she
asked for elaboration, the complainant responded AI don=t want to tell
anymore.@  The trial court
overruled appellant=s objection that those statements were
hearsay not made for the purpose of medical diagnosis or treatment under Texas
Rule of Evidence 803(4).

The jury found appellant guilty.  On appeal, he challenges
the trial court=s admission of (1) the challenged portions
of Alleman=s testimony under article 38.072[1]
and (2) the challenged portions of Dr. Isaac=s testimony under
Rule 803(4).

II.  Admissibility of Outcry Testimony under Article 38.072








Article 38.072 provides a statutory hearsay exception for
outcry testimony from the first adult (other than the defendant) to whom the
child made statements describing the alleged offense.  See Tex. Code Crim. Proc. Ann. art. 38.072
(Vernon 2005).  However, there are several prerequisites to admission,
including notice to the defendant containing, inter alia, a written summary of
the statement.  Id. ' 2(b)(1)(C).  The purpose of the notice
requirement under article 38.072 is to avoid surprising the defendant with the
introduction of outcry hearsay testimony.  Gay v. State, 981 S.W.2d 864,
866 (Tex. App.CHouston [1st Dist.] 1998, pet. ref=d).  To achieve
this purpose, the written summary must give the defendant adequate notice of
the content and scope of the outcry testimony.  Davidson v. State, 80
S.W.3d 132, 136 (Tex. App.CTexarkana 2002, pet. ref=d).  The notice is
sufficient if it reasonably informs the defendant of the essential facts
related in the outcry statement.   Id.  We review the trial court=s decision to
admit or exclude a hearsay statement that may fall under article 38.072 for an
abuse of discretion.  See Garcia v. State, 792 S.W.2d 88, 92 (Tex. Crim.
App. 1990); Davidson, 80 S.W.3d at 135B36.  In other
words, we must uphold the trial court=s ruling if it was
within the zone of reasonable disagreement.  Weatherred v. State, 15
S.W.3d 540, 542 (Tex. Crim. App. 2000); Chapman v. State, 150 S.W.3d
809, 813 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).

We hold that the written summary provided appellant with
proper notice of the essential facts of the outcry testimony.  See Klein v.
State, 191 S.W.3d 766, 781 (Tex. App.CFort Worth 2006), rev=d on other grounds, 273 S.W.3d 297
(Tex. Crim. App. 2008); Davidson, 80 S.W.3d at 135B37.  The
challenged testimony not included in the summary relates only to non-essential
facts.  See Klein, 191 S.W.3d at 781 (holding trial court did not err in
admitting challenged statement of the complainant to outcry witness that the
complainant Aalways begged her mother to allow her to stay and
watch her mother=s dance lessons@ so she did not
have to go home with her dad because the statement related to non-essential
facts).  Moreover, the trial court did not err in admitting the challenged
testimony because it merely described circumstances peripheral to the alleged
abuse and leading up to the complainant=s outcry
statement.  See id.; Gottlich v. State, 822 S.W.2d 734, 737 (Tex.
App.CFort Worth 1992,
pet. ref=d) (holding trial
court did not err in admitting hearsay statements not included in the outcry
summary where the statements described the circumstances leading up to the
outcry statement and its details).[2] 
Therefore, we conclude that the trial court did not abuse its discretion by
admitting the challenged testimony.  We overrule appellant=s first issue.








III.  Admissibility of Dr. Isaac=s Testimony under
803(4)

In his second issue, appellant contends that the trial
court improperly admitted the complainant=s hearsay
statement to Dr. Isaac that he was being examined because his Adad did something
bad@ to him. 
Specifically, appellant maintains the statement is inadmissible under Texas
Rule of Evidence 803(4) because it was not made for the purpose of medical
diagnosis or treatment.  We disagree.

First, appellant argues that due to the complainant=s age when he made
the statement, Ahe could not have had a motive consistent
with obtaining medical care, knowing that proper treatment depend[ed] upon@ his veracity.  As
a result, according to appellant, the basis for assuming the inherent
credibility of his statements under Rule 803(4) is absent.  But in Fleming
v. State, a four year-old child was held to have appreciated the need for
veracity when she made statements identifying her abuser to a pediatrician. 
819 S.W.2d 237, 247 (Tex. App.CAustin 1991, pet. ref=d) (holding trial
court did not err in admitting four year-old=s statements to
pediatrician under Rule 803(4)).  We disagree with appellant=s argument that
the complainant, who was six years old at the time of evaluation, could not
have appreciated the need to be truthful because of his youth.








Second, appellant asserts that the complainant=s statement was
unnecessary for diagnosis or treatment, relying on Hassell v. State, 607
S.W.2d 529, 531 (Tex. Crim. App. 1980).  However, Hassell was decided
before the adoption of Rule 803(4), which renders admissible hearsay statements
Aregarding the
inception or general character of the cause or source [of an injury] insofar as
reasonably pertinent to diagnosis or treatment.@  A child sexual
assault complainant=s statement identifying his or her abuser
is admissible under Rule 803(4) and pertinent to medical treatment because the
treatment of child abuse includes removing the child from the abusive setting. 
Bargas v. State, 252 S.W.3d 876, 896 (Tex. App.CHouston [14th
Dist.] 2008, no pet.); Fleming, 819 S.W.2d at 247 (holding child=s hearsay
statement to pediatrician identifying sexual abuser admissble under Rule
803(4)).  We therefore conclude that the trial court did not err in admitting
the challenged hearsay statements through Dr. Isaac and the medical records of
her evaluation of the complainant.  We overrule appellant=s second issue.

Having overruled both of appellant=s issues, we
affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

 

Panel consists of Justices Yates,
Guzman, and Price.*

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Appellant=s
brief is somewhat ambiguous as to whether his first issue is a challenge to the
outcry testimony as a whole or only the portions of the testimony he alleges
were not included in the written summary.  We note, however, that appellant
characterizes his trial objections as objections to only the portions of the
testimony he alleges were not included in the summary.  We have reviewed the
record and agree with that characterization of appellant=s trial objections.  To the extent appellant=s argument under the first issue could be construed as
a challenge to Alleman=s entire outcry testimony, appellant waived that issue
by not presenting it in the trial court.  See Tex. R. App. P. 33.1(a)(1)(A).  We therefore address
appellant=s first issue as a challenge to the portions of the outcry
testimony he alleges were not included in the written summary.





[2]  Appellant cites Gay, 981 S.W.2d at 866, to
support his argument that the trial court erred in admitting the challenged
statements.  However, the challenged outcry statements in GayCthat appellant had Akissed
and touched@ and Abothered@ the complainant, made her touch him, and threatened
her, and that the complainant told the outcry witness she wanted to live with
herCeither described the alleged abuse, did not merely
describe the circumstances leading up to the outcry statements, or were
essential in providing a sufficient summary of the outcry.  See id. 





*  Senior Justice Frank C. Price sitting by assignment.