Affirmed and Memorandum Opinion filed March 9, 2010



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00952-CR



 

Timothy Dwayne Anderson, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1138634



 

MEMORANDUM  OPINION

 

A jury convicted appellant Timothy Dwayne Anderson of
indecency with a child.  Because appellant is a repeat offender, the jury
sentenced him to twenty-five years’ confinement in the Institutional Division
of the Texas Department of Criminal Justice.  On appeal, appellant argues the
trial court erred in admitting the complainant’s outcry statements.  We affirm.

I.     Background

On March 24, 2007, the complainant, “Jane,” took a
school bus to her grandmother’s house where she was to wait for her godmother,
Patsy Evans.  Jane lived with Evans, while Jane’s younger sister and brother
lived with their mother and their mother’s boyfriend, the appellant.  After
getting off the bus, she walked over to appellant’s truck where she said
goodbye to her siblings.  At that point, appellant asked her to come live with
him and her mother.  Then, according to Jane, appellant rubbed her buttocks and
her vagina through her clothes, and announced in a low voice “she ready.”  

Jane later made various statements to Evans regarding
this incident.  First, immediately following the incident, Jane called Evans
and left messages on her answering machine.  In one message, Jane stated,
“Mommy,[1] come and pick me up. 
Come and get me now.”  In another message, Jane stated, “Mommy come and get
me.  Mr. Tim felt on me.”

Second, when Evans arrived at Jane’s grandmother’s
house to pick Jane up, Jane told her, “Mommy, Mr. Tim felt on me . . . on [my]
hip and between [my] legs.”  At that point, they further discussed the
incident.  Evans asked Jane whether she was telling the truth, and Jane
responded that she was.  Ultimately, appellant was arrested and indicted for
indecency with a child.

Before trial, the State served appellant with notice
of its intent to call Evans as an outcry witness.  The notice summarized Jane’s
statements as follows: “The complainant stated to [Evans] that the defendant
touched her on the side of her hip and then rubbed his left hand in between her
legs and said in a low voice ‘she ready.’”

At trial, appellant objected to the State calling
Evans because the notice was untimely.  The court ultimately determined,
however, that appellant was not surprised or otherwise unfairly prejudiced by
the testimony, and it overruled his objection. 

At trial, Evans testified to both sets of statements
that Jane made to her describing the incident: (1) those that Jane left on her
answering machine, and (2) those that Jane made face-to-face.  Appellant objected
to both sets of statements, arguing they were not properly admissible outcry
statements.  The court sustained appellant’s objection to Evans’s testimony as
to the statements that Jane left on the answering machine and instructed the
jury to disregard them.  Appellant moved for a mistrial, but the court denied
his motion.  The court overruled appellant’s objections to the statements that
Jane had made directly to Evans.  

Jane independently testified at trial that appellant
touched her on her buttocks and in between her legs with his left hand, cycling
back and forth between the two.  She further testified to the discussion she
had with Evans immediately upon her arrival.

The jury convicted appellant of indecency with a
child and sentenced him to twenty-five years’ confinement.  On appeal,
appellant contends the trial court erred in admitting Evans’s testimony of the
statements that Jane made to her face-to-face because the State did not comply
with the notice or hearing requirements set forth by statute.

II.     Discussion

Article
38.072 of the Texas Code of Criminal Procedure deems some hearsay statements
admissible for the purpose of prosecuting certain offenses, including indecency
with a child, as in this case.  See Tex. Code Crim. Proc. Ann. art.
38.072 (Vernon Supp. 2009); Tex. Penal Code Ann. § 21.11 (Vernon Supp. 2009).  The
statute operates to make an otherwise inadmissible statement admissible where
(1) the statement is made by the alleged child victim to a person, eighteen or
older, other than the defendant, describing the alleged abuse; (2) the State
provides the defendant with adequate notice of its intent to use the statement;
(3) the child testifies or is available to testify; and (4) the court conducts
a hearing outside the presence of the jury and determines the statement is
reliable based on time, place, and circumstances.  Art. 38.072.  

We
review a trial court’s decision to admit or exclude a statement allegedly
falling under article 38.072 for an abuse of discretion.  See Garcia v.
State, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).  We will uphold the trial
court’s ruling if it is within the zone of reasonable disagreement.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); Chapman v. State,
150 S.W.3d 809, 813 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).

A.  The Notice
Requirement         

            The purpose
of the notice requirement is to avoid surprising the defendant with the
introduction of outcry, hearsay testimony.  Gay v. State, 981 S.W.2d
864, 866 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d).  The notice
requirement mandates that, on or before the fourteenth day before proceedings
begin, the State provide the defendant with notice of its intent to call an
outcry witness, that witness’s name, and a written summary of the statement to
which the witness will testify.  Art. 38.072.  The State has satisfied the
requirement if its notice is timely and reasonably informs the defendant of the
essential facts related in the outcry statement.  Davidson v. State, 80
S.W.3d 132, 136 (Tex. App.—Texarkana 2002, pet. ref’d).  

1.     
  Timeliness
of the Notice

Appellant
argues, and the State concedes, that the State’s notice was untimely, having
been served approximately ten days before trial.  Nevertheless, appellant has
not shown he was harmed by the somewhat abbreviated notice.  See Zarco v.
State, 210 S.W.3d 816, 832 (Tex. App.—Houston [14th Dist.] 2006, no pet.). 
Instead, for the eleven months preceding trial, appellant had access to the
offense report that listed Evans as an outcry witness and delineated the things
to which she would testify.        

Furthermore,
five days before trial, counsel for the State and appellant discussed in
chambers that the State intended to use Evans as an outcry witness.  At no
point did appellant request a continuance.  Because appellant has not
demonstrated he was surprised or prejudiced by the State’s untimely notice, we
cannot conclude he was harmed by notice that arrived slightly late but still
ten days before trial.  See id. at 833. 

  
Outcry Summary

Appellant
contends the summary in the State’s notice was inadequate to reasonably inform
him as to the following portions of Evans’s testimony about the statements Jane
made to Evans face-to-face: (a) that Evans repeatedly asked Jane whether Jane
was telling the truth; (b) that Evans asked Jane what had happened in several
different ways to see if Jane would change her story; and (c) that Jane
demonstrated to Evans how appellant had touched her.  

After
reviewing the record, we believe the outcry summary in this case contained the
essential facts necessary to provide appellant with adequate notice of the
content and scope of the outcry testimony.  See Davidson, 80 S.W.3d at
136.   The summary provided to appellant detailed the reported conduct and
statements in question with reasonable specificity.  Therefore, we cannot
conclude the State’s notice did not reasonably inform appellant as to those
statements.[2]  See Davidson, 80 S.W.3d at 136. 

B.   Hearing

Appellant
also contends the court erred in admitting the statements that Jane made to
Evans face-to-face because the court did not conduct the requisite hearing
described in article 38.072.  See art. 38.072; Zarco, 210 S.W.3d
at 831.  That argument is not supported by the record.  In fact, the court
actually excused the jury and conducted a hearing during trial regarding these
statements, thereby complying with the statute.  See Haley v. State, 173
S.W.3d 510, 517 (Tex. Crim. App. 2005); Zarco, 210 S.W.3d at 831. 
Accordingly, we overrule appellant’s issue on appeal.    

III.     Conclusion

            Having overruled
appellant’s issue, we affirm the judgment of conviction.

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Chief Justice
Hedges and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1] Jane’s reference to
“Mommy” is actually a reference to Evans, her godmother.





[2] Appellant also claims the summary was inadequate to
provide him with reasonable notice of the statements that Jane left on Evans’s
machine.  The court instructed the jury to disregard those statements, but it
denied appellant’s motion for a mistrial.  Appellant does not argue on appeal
that the court abused its discretion in denying the mistrial.  Consequently,
that issue is not properly before us.  See Tex. R. App. P. 38.1(f), (h),
(i).  However, even if it was properly subject to review, we note that Jane
actually testified at trial without objection, and her testimony was virtually
identical to Evans’s testimony.  Accordingly, even if the admission of Evans’s
testimony about the statements on her machine was error, it would not be
harmful because very similar evidence was admitted through another source.  See
Williams v. State, 933 S.W.2d 141, 149 (Tex. Crim. App. 1996).