**Affirmed and Memorandum Opinion filed September 25, 2014.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-13-00476-CR

---

**EMMANUEL VON ALLEN EVANS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1339815**

---

### M E M O R A N D U M   O P I N I O N

Appellant Emmanuel Von Allen Evans appeals his conviction for aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021(a)(B). A jury found him guilty and the trial court assessed punishment at life imprisonment. In a single issue on appeal, appellant contends that the trial court erred in admitting hearsay testimony that went beyond the scope of the State's notice of outcry testimony under article 38.072 of the Texas Code of Criminal Procedure. We affirm.

## Background

The complainant's brother testified that he walked into the complainant's room and saw the complainant lying on the bed. He saw appellant masturbating with one hand and touching the complainant with the other hand. The brother startled appellant and the complainant. The brother requested that appellant go with him to explain what had happened to the complainant's mother.

The complainant's mother testified that appellant reported he had masturbated while fondling the complainant. Appellant claimed to be "tripping" and claimed he had "blacked out." The mother instructed her son to call the police. The complainant reported to her mother that appellant was standing in her bedroom doorway rubbing his penis. He came into her bedroom and asked to see her vagina. She refused and he began masturbating. Appellant then moved the complainant's shorts to the side exposing her vagina, and touched her. The mother could not remember when the complainant told her that appellant placed his mouth on her vagina. She testified, however, that appellant admitted placing his mouth on the complainant's vagina.

After the police investigation appellant was not immediately arrested. Six days after the incident appellant phoned the complainant's mother who recorded the call. The trial court admitted the audio recording over appellant's hearsay objection. In the audio recording appellant twice admitted to placing his mouth on the complainant's vagina.

The complainant testified that appellant came into her bedroom and asked to see her vagina. When she refused he pulled her shorts to the side and touched her vagina while masturbating. She testified appellant also placed his mouth on her vagina. Appellant did not stop until the complainant's brother entered the room.

## Standard of Review

In his sole issue on appeal, appellant contends that the trial court erred in admitting hearsay testimony that went beyond the scope of the State's notice of outcry testimony under article 38.072 of the Code of Criminal Procedure. Hearsay statements are generally inadmissible unless permitted by statute or evidentiary rule. *See* Tex. R. Evid. 802, 803. Article 38.072 provides a statutory exception to the hearsay rule that allows the State to introduce outcry statements, which would otherwise be considered inadmissible hearsay, made by a child victim of certain offenses, including the one at issue in this case. *See* Tex. Code Crim. Proc. art. 38.072. It permits the statements of a child victim describing the alleged offense to be admitted through an "outcry witness," i.e., the first adult to whom the child made a statement about the alleged offense. *Id.*

To invoke the statutory exception, the State must notify the defendant of its intent, provide the name of the outcry witness, and provide a summary of the statement. *See id.* art. 38.072 § 2(b)(1). The purpose of these requirements is to avoid surprising the defendant with the introduction of outcry hearsay testimony. *See Gay v. State*, 981 S.W.2d 864, 866 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). To achieve this purpose, the written summary must give the defendant adequate notice of the content and scope of the outcry testimony. *Davidson v. State*, 80 S.W.3d 132, 136 (Tex. App.—Texarkana 2002, pet. ref'd). The notice is sufficient if it reasonably informs the defendant of the essential facts related in the outcry statement. *Id.* A trial court's determination that an outcry statement is admissible under article 38.072 is reviewed under an abuse of discretion standard. *Nino v. State*, 223 S.W.3d 749, 752 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990)).

## Discussion

On December 11, 2012, the State filed its Notice of Intention to Use Child Abuse Victim's Hearsay Statement pursuant to article 38.072 of the Texas Code of Criminal Procedure. The State gave notice that it intended to offer the statements of Deputy DB Pappa, Dr. Reena Isaac, and Susan Odhiambo. The notice did not reflect that the State intended to offer the testimony of the complainant's mother as an outcry witness.

At trial, the complainant's mother testified:

Q. Did you ask her what happened?

A. Yes, I did.

Q. What did she tell you?

[Defense counsel]: I object to that as hearsay, Judge.

THE COURT: Sustained.

[The prosecutor]: Judge, this is the outcry witness.

Q. (BY [the prosecutor]) Let me ask you another question.

Were you the first adult that your daughter told —

A. Yes.

* * * * *

Q. At any point that night, did the defendant tell you that he put his mouth on your daughter — on [the complainant]'s female sexual organ?

[Defense counsel]: Your Honor, I object to that as hearsay.

THE COURT: Overruled.

A. I honestly can't say if it was that night, but he did admit it.

* * * * *

Q. What additional details did she give you about what he did to her that night?

[Defense counsel]: I object to hearsay, Judge.

4

THE COURT: Overruled.

Q. (BY [the prosecutor]) All we can talk about right now are the additional details that she told you.

A. She told me that he had her to touch him, made her touch his penis and that he put his mouth on her vagina. And he forced her, you know, to allow him to fondle her as well as put his mouth on her vagina.

Appellant argues that the trial court abused its discretion in admitting the complainant's mother's testimony over his hearsay objections because he did not receive proper notice that the mother would be an outcry witness under article 38.072 of the Texas Code of Criminal Procedure. Appellant further complains that he did not receive a summary of the mother's testimony as is required by article 38.072.

### Preservation of Error

Initially, the State argues that appellant failed to preserve error because he did not specifically object to the lack of notice. Appellant made only a general hearsay objection. This court has held, however, that a general hearsay objection is sufficient to preserve all appellate claims under article 38.072. *See Zarco v. State*, 210 S.W.3d 816, 828–29 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Long v. State*, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990) ("A general hearsay objection . . . is enough to preserve all appellate claims under [article 38.072].")). We therefore conclude that appellant's general hearsay objection preserved error under article 38.072.

### Notice of Outcry Witness

The State failed to satisfy the procedural requirement of notice under article 38.072. It is not disputed that the complainant's mother was not included as a potential outcry witness in the State's notice.

However, our analysis does not end there. We may not reverse a conviction due to erroneous admission of hearsay testimony unless we determine that it affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). An error affects a substantial right "when the error [has] a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Thus, we affirm a criminal conviction despite nonconstitutional error if, after examining the record as a whole, we are left with the fair assurance that the error did not influence the jury or influenced the jury only slightly. *Schutz v. State*, 63 S.W.3d 442, 443 (Tex. Crim. App. 2001). We consider the entire record in assessing any impact that the error had on the jury's decision, including the nature of the evidence supporting the verdict, as well as the character of the error and its relationship to other evidence, to determine if the error substantially affected an appellant's rights. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

Here, the indictment alleged that appellant "intentionally and knowingly cause[d] the sexual organ of [the complainant], a person younger than fourteen years of age, to contact the MOUTH of the Defendant." Appellant specifically complains about the mother's testimony that the complainant reported appellant placed his mouth on her vagina. The mother's testimony, however, was not the only source of evidence on this issue. The complainant testified without objection that appellant placed his mouth on her vagina. Appellant was able to cross-examine the complainant on her testimony. Moreover, in the recorded telephone conversation, which was played for the jury, appellant admitted:

> Naw, I ain't eat it all. I just, like, you know, like, grazed on top of it, like with the tip of my tongue. Like, not all the way on it, but, like, just the tip.

* * * * *

I had thought about it, and I remember, I had did it twice.

*  *  *  *  *

I licked it like a couple times, and I had jacked-off and nutted on my own hand.

*  *  *  *  *

And that's the God honest truth, like I said, I never did come on her, I never did come in her, my come never did touch her, like I said my hands had touched her and my tongue had touched her.

The State did not emphasize the mother's testimony in closing argument other than her statement on the audio tape that the complainant had reported the incident to her.

In light of the substantial evidence against appellant from the complainant and his own admission, we are left with the fair assurance that the trial court's error in admitting certain hearsay testimony either did not influence the jury or only influenced the jury slightly. *See Schutz*, 63 S.W.3d at 443; *see also Biggs v. State*, 921 S.W.2d 282, 287–88 (Tex. App.—Houston [1st Dist] 1995, pet. ref'd) (holding error in admitting hearsay outcry statements was harmless at least in part because of the nature of other evidence, including complainant's testimony and defendant's own admission to certain conduct around children). Accordingly, we find such error to be harmless and overrule appellant's sole issue.

We affirm the trial court's judgment.

/s/     Martha Hill Jamison
Justice

Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).