PD-1363-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/13/2015 12:49:36 PM
Accepted 1/16/2015 11:42:11 AM
ABEL ACOSTA
CLERK

## NO. PD-1363-14

## TO THE COURT OF CRIMINAL APPEALS

## FOR THE STATE OF TEXAS

---

## EMMANUEL VON ALLEN EVANS

Appellant

## V.

## STATE OF TEXAS

Appellee

---

Petition for Discretionary Review from the Fourteenth Court of Appeals
In No. 14-13-00476-CR, Affirming the Conviction
In Cause No. 133,9815
From the 248th District Court of Harris County, Texas
Honorable Katherine Cabaniss, Presiding

---

## PETITION FOR DISCRETIONARY REVIEW

---

**Mark A. Rubal**
**SBN 17360325**
**The Rubal Law Firm**
**15150 Middlebrook Dr.**
**Houston, Texas 77058**
**mrubal@ws-law.com**
**(281) 286-2222 Telephone**
**(281) 488-4597 Telefax**

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................ 2

NAMES OF ALL PARTIES.................................................. 3

INDEX OF AUTHORITIES.................................................. 4

STATEMENT REGARDING ORAL ARGUMENT.............. 5

STATEMENT OF THE CASE................................................ 5

PROCEDURAL HISTORY..................................................... 10

GROUNDS FOR REVIEW..................................................... 10

REASON FOR REVIEW......................................................... 10

ARGUMENT.......................................................................... 11

PRAYER FOR RELIEF........................................................... 16

CERTIFICATE OF SERVICE.................................................. 17

CERTIFICATE OF FILING..................................................... 17

CERTIFICATE OF COMPLIANCE........................................ 18

APPENDIX:
MEMORANDUM OPINION FROM THE FOURTEENTH COURT OF APPEALS, ISSUED SEPTEMBER 25, 2014.

# NAMES OF ALL PARTIES

1. Appellant: . . . .       Emmanuel Von Allen Evans
SPN 1862965
Telford Unit 7H2-27
3899 State Highway 98
New Boston, Texas 75570

2. Attorney for the State: . . .       Aaron Burdette
SBN 24055228
Asst. District Attorney
Harris Co. D.A.'s Office
1201 Franklin, Suite 400
Houston, Texas 77002

3. Defense Counsel at Trial: . .       Karen Barney
SBN 00780040
405 Main St., Suite 1120
Houston, Texas 77002

4. Trial Judge: . . . .       Hon. Katherine Cabaniss
Presiding Judge
284th District Court
Houston, Texas 77002

5. Counsel for Appellant: . .       Mark A. Rubal
SBN 17360325
15150 Middlebrook Dr.
Houston, Texas 77058

# INDEX OF AUTHORITIES

## CASES

*Biggs v. State*, 921 S.W.2d 282 (Tex. App.-Houston [1st Dist] 1995, pet. ref'd).......................................................... 11

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007)................... 13

*King v. State*, 953 S.W.2d 266 (Tex.Crim.App. 1997)...................... 12

*Kotteakos v. U.S.*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).......................................................... 12

*Morales v. State*, 32 S.W.3d 862 (Tex. Crim. App. 2000)................. 11

*Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002)................... 12

*Page v. State*, 88 S.W.3d 755 (Tex. App.-Corpus Christi 2000, rev'd on other grounds, 137 S.W.3d 75 (Tex.Crim.App. 2004))......... 12

*Schutz v. State*, 63 S.W.3d 442 (Tex. Crim. App. 2001)..................... 11

*Webb v. State*, 36 S.W.3d 164 (Tex. App.-Houston [14th Dist] 2000 pet. ref'd).......................................................... 12

## CONSTITUTIONS, STATUTES, AND OTHER AUTHORITIES

*Tex. Code Crim. Proc. Ann* art. 38.072.................................................. 11

*Tex. R. App. P.* 44.2(b)................................................................... 12

## STATEMENT REGARDING ORAL ARGUMENT

In the event this Petition for Discretionary Review is granted, oral argument is waived unless it would otherwise aid the Court in determining the issue(s) presented.

## STATEMENT OF THE CASE

On March 8, 2012, Appellant Emmanuel Von Allen Evans ("Evans") was charged with Aggravated Sexual Assault of a Child, under cause number 133,9815.  (CR, Vol. 1; p. 8).  Evans was indicted on June 4, 2012, and enhanced with a prior conviction for sexual assault of a child.  The indictment alleged that the Defendant [Evans] .. "on or about February 29, 2012, did then and there unlawfully, intentionally and knowingly cause the sexual organ of A.E., a person younger than fourteen years of age, to contact the mouth of the Defendant.   (CR, Vol. 1; p. 15).

On May 28, 2013, a jury was selected to hear the charges against Evans.  (CR, Vol. 1; pp. 173-178) and (RR, Vol. 3).  The jury found Evans guilty as charged in the indictment on May 30, 2013.  (CR. Vol. 1; p. 186) and (RR, Vol. 5; p. 40).

Thereafter, the Court heard punishment evidence and on May 30. 2013,

the Judge sentenced Evans to confinement for life in the institution division of the Texas Department of Criminal Justice. (CR, Vol. 1; pp. 188-189) and (RR, Vol. 5; pp. 42-52). On the same day, Evans filed his Notice of Appeal (CR, Vol. 1; pp. 192-193).

The evidence presented at trial showed that on February 29, 2012, around 10:00 PM, the complainant's mother, Tiffany Franklin ("Franklin") was taking a shower with her youngest child, in the master bath of her home in Katy, Harris County, Texas.[1] Evans, who was living with Franklin at the time, was in the master bedroom. Elijah, Franklin's oldest son, was in the living room at the home working on the computer. The complainant (A.E.) was in her bedroom, which was across the hall from the master bedroom.

Elijah testified that he saw a shadow going across the hall from the master bedroom to the complainant's bedroom. After about five (5) minutes, Elijah said he went to his sister's bedroom to check on her and saw Evans standing at the foot of A.E.'s bed. The complainant was on her bed, laying on her back and with her legs pointing out facing Evans. He couldn't recall if A.E. had her clothes on or not but he saw Evans with his pants down. Elijah

---

[1] At the time, the age of Franklin's four children were Elijah (16), the complainant (13) and two other younger daughters (5) and (3).

further testified Evans appeared to be masturbating based on the movements of his shoulder and arm. However, he did not see Evans' penis. Elijah asked Evans what he was doing and Evans said he could explain. Elijah then went into the master bath to tell his mom and Evans followed. When Evans was explaining to Franklin what happened, Elijah left the room.

Franklin testified when Elijah and Evans came into the master bedroom Elijah was upset. Elijah left the bedroom and called 911. Evans then supposedly admitted to Franklin that he went into the complainant's room and asked to see her private. Evans said he then pulled his penis out and began masturbating. He also stated that he pulled the complainant's panties to the side and started fondling her. Franklin said the only explanation that Evans gave for his conduct was that he tripped and blacked out. Franklin then talked to A.E. who told her that Evans had touched her private. Franklin couldn't remember if A.E. told her that night or sometime later that Evans had put his mouth on her private.[2]

---

[2] When the police arrived at the house they separated everyone, handcuffed Evans and put him in a patrol car. The officers did take statements from both Elijah and Franklin. Franklin did not mention in her statement that A.E. told her Evans had put his mouth on her private. However, Franklin did testify in front of the jury that sometime after A.E. was seen at the Child Assessment Center, but before Evans was arrested that A.E. did outcry to her that Evans had put his mouth on her private.

After Elijah called 911, EMS were the first to arrive at the house. The paramedics checked out A.E. in the ambulance and then left her at the scene. The police arrived while A.E. was still being checked out by EMS. Deputy Papa, with the Harris County Sheriff's Office, did talk briefly to the complainant. He also spoke with both Elijah and Franklin and obtained written statements from them about what had occurred. Two other deputies showed up at the house, but no one did a formal interview with A.E. Franklin did provide the officers the complainant's panties, shorts, and shirt which were tagged as evidence. The evidence was never tested. Franklin further testified that she was told to take A.E. to the hospital that evening. However, Franklin said she chose not to take the complainant at that time because A.E. did not want to go.

Franklin was contacted by child protective services the next day. On March 2, 2012, she took Elijah and A.E. to the Child Assessment Center in Houston and they both provided formal statements. A.E. was also examined by Dr. Reena Isaac, a pediatrician at Texas Childrens Hospital, and assigned to the Child Assessment Center on March 7, 2012. Dr. Isaac testified that the examination of A.E. was normal and A.E. never told her anything about Evans putting his mouth on her private.

A.E. did testify at the trial. She told the jury that Evans did put his mouth on her private, but she also admitted that she never told anyone at the Child Assessment Center that Evans had put his mouth on her private, except for the doctor (Dr. Isaac) who examined her. A.E. said she told her mom about the allegation, she told the prosecutor about the allegation, and she provided a written statement about the allegation to a police officer the night of the incident. However, no written statement was ever produced by the State and no officer could testify that they ever took or received a written statement from A.E. the night of the incident.

Notwithstanding, on or about March 6, 2012, Franklin testified she called Evans and recorded the conversation. The recording was admitted as State's Exhibit 1. When the prosecutor played the recording for the jury, he also provided a transcript of the recording for the jury to follow. Franklin identified Evans as the other person on the recording and during the conversation Evans supposedly admitted that he did put his mouth on the private area of A.E.

Evans did not testify in the trial.

The appellate record consists of one (1) volume of the Clerk's Record (CR, Vol. 1; p. ___), one (1) supplemental volume of the Clerk's Record

(SUPP. CR, Vol. 1; p. ___) and six (6) volumes of the Reporter's Record (RR, Vol. ___; p.___).

## PROCEDURAL HISTORY

On September 25, 2014, in an un-published opinion, the Fourteenth Court of Appeals affirmed the judgment against Appellant. (The opinion is attached as the Appendix to this petition). No motion for rehearing was filed, but Evans did file a pro se motion to extend the time to file a petition for discretionary review, which was granted by the Court of Criminal Appeals. The deadline for filing a petition for discretionary review is December 29, 2014.

## GROUND(S) FOR REVIEW

1. THE TRIAL COURT ERRED BY ADMITTING OUTCRY TESTIMONY THAT WAS NOT PROPERLY DESIGNATED UNDER ART. 38.072 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

## REASON FOR REVIEW

On appeal, Evans complained about the State's failure to provide him notice of any outcry statement(s) relating to the allegations in the indictment. Specifically, Evans objected to the testimony by Franklin that A.E. had told her

Evans put his mouth on her private. (RR, Vol. 4; pp 91-92). The Court of Appeals held that the State did not satisfy the procedural requirement of notice under article 38.072 of the Texas Code of Criminal Procedure. Nonetheless, the Court determined that the error was harmless since the admitted hearsay testimony did not affect Evans' substantial rights. *(See Pp. 5-7 of Memorandum Opinion*; citing *Schutz v. State*, 63 S.W.3d 442, 443 (Tex. Crim. App. 2001), *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000), and *Biggs v.* State, 921 S.W.2d 282, 287-88 (Tex. App.-Houston [1st Dist] 1995, pet. ref'd). Evans believes the Court of Appeals was wrong and respectfully requests this Honorable Court to review his case further.

## **ARGUMENT**

1.  THE TRIAL COURT ERRED BY ADMITTING OUTCRY TESTIMONY THAT WAS NOT PROPERLY DESIGNATED UNDER ART. 38.072 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

The Court of Appeals relied upon the complainant's testimony (that Evans put his mouth on her private) and the recorded telephone conversation, allegedly between Evans and Franklin (wherein he admitted licking the complainant's private), to conclude that the erroneously admitted hearsay was

harmless. *(See P. 7 of Memorandum Opinion)*. In order to find harmful error a reviewing court must determine if the error affected the Appellant's substantial right(s). *Tex. R. App. P.* 44.2(b).

A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Page v. State*, 88 S.W.3d 755 (Tex. App.-Corpus Christi 2000, rev'd on other grounds, 137 S.W.3d 75 (Tex.Crim.App. 2004)) and *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997) (citing *Kotteakos v. U.S.*, 328 U.S. 750, 766, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). If the reviewing court is unsure whether the error effected the outcome then it should be treated as harmful. *Page* at 766; *Webb v. State*, 36 S.W.3d 164, 182(Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).

The material factors in conducting a harm analysis are: (1) the evidence admitted, (2) the nature of the evidence supporting the verdict, including whether the evidence was overwhelming, (3) the character of the alleged error and how it might be considered in conjunction with other evidence in the case, (4) the jury instructions, (5) the State's theory and any defensive theories, (6) closing arguments, (7) voir dire, and (8) whether the State emphasized the error. *Page* at 766; citing *Motilla v. State*, 78 S.W.3d 352, 355-57

(Tex.Crim.App. 2002).

In this case the State chose to charge Evans with the allegation that he "caused the sexual organ of A.E. to contact his mouth". The evidence admitted by the State to prove the allegation included the testimony of A.E, the testimony of Franklin and the recording allegedly between Franklin and Evans. No other witness testified to the substantive allegations in the indictment.

The Trial Attorney for Evans emphasized the absence of any other testimony concerning the allegation in her closing. She pointed out to the jury that the brother of the complainant who walked into the room with Evans and A.E. could not testify exactly what happened. (RR, Vol. 5; p. 14). Nor was he able to tell the 911 operator what happened. (RR, Vol. 5; p. 15). Additionally, Trial Counsel for Evans told the jury that A.E. never told the forensic examiner at the Child Assessment Center about the allegation nor did she tell Dr. Isaac, who examined her after the incident, about the allegation. (RR. Vol. 5; p. 17). In essence, Evans argued that the truth of the allegation was solely dependant on the jury's assessment of the credibility of Franklin and A.E.

Both Franklin and A.E. contradicted testimony of other witnesses. A reviewing court must give deference to the jury to fairly resolve conflict in testimony. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).

However, by the Trial Court improperly admitting the complained about hearsay, the Judge gave the State more ammunition to bolster the credibility of both Franklin and A.E.

The credibility of Franklin was essential because the jury needed to believe her testimony about the recording she made which was allegedly between Evans and herself. No witness, other than Franklin could provide any testimony about the recording. Trial Counsel for Evans even pointed out the issue to the jury arguing that absent Franklin's testimony there was no other evidence to prove up the recording. No cell phone records were introduced to connect the call to Evans. (RR, Vol. 5; p. 27).

A.E.'s testimony was equally essential to support the jury's verdict. She related to the jury that she told her mom (Franklin) and the prosecutor (Aaron Burdette) about the specific allegation in the indictment. In fact, the testimony suggests that the prosecutor may have been the proper outcry witness for the indicted allegation. (RR, Vol. 4; p. 156). Additionally A.E. testified that she told Dr. Isaac about the specific allegation and provided a written statement containing the allegation to Deputy Pappa. Deputy Pappa was the officer who first investigated the incident at the Franklin home on February 29, 2012. But, the doctor's records clearly show that A.E. never told him about the allegation.

Furthermore, Deputy Pappa testified he never received any such statement from A.E. on February 29, 2012 or any time after.

Nonetheless, the prosecutor did use the asserted outcry in his closing argument to support the phone recording and the complainant's credibility. He argued that:

> "If you don't believe A.E. and Elijah, do you believe the defendant when he says what he did to her? If you still want more evidence, let's listen to this call. (Tape played.) She told me that. She told me that, too. It's the last line that I just played for you. She told her mother before March 6, 2012, what he did to her. So any argument or suggestion that I was the first person that told is misplaced because the recording was made on March 6, 2012." (RR, Vol. 5; pp. 34-35).

Accordingly, given the evidence proffered at trial and the importance of the credibility issue(s), it is reasonable to conclude that the error by the Trial Judge in admitting the hearsay evidence did affect a substantial right of Evans. The State was able to unfairly bolster the testimony of both Franklin and A.E. with the objectionable testimony. At the same time, Evans was prejudiced because he should have been able to rely on the State's failure to provide him statutory notice of any outcry evidence in preparing his defense. Under the

circumstances, it is logical to conclude that the error did have a substantial and injurious effect or influence in determining the jury's verdict. Alternatively, if the Court is unsure whether the error may have effected the outcome then the error should still be treated as harmful. As a result, the error cannot be considered harmless and the conviction should be reversed.

## PRAYER FOR RELIEF

Evans respectfully prays that the Court of Criminal Appeals review his case and after re-examination reverse his conviction, remand his case back to the Trial Court or the Court of Appeals for further analysis or enter an order for acquittal. Appellant further requests any and all such other relief to which he may be legally and justly entitled.

Respectfully Submitted,

/s/      Mark A. Rubal
By:   Mark A. Rubal
SBN 17360325
**The Rubal Law Firm**
15150 Middlebrook Dr.
Houston, Texas 77058
mrubal@ws-law.com
(281) 286-2222 Telephone
(281) 488-4438 Telefax
**Attorney for Appellant**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Petition was served upon the District Attorney of Harris County, Texas, on this the 13th day of January, 2015, by mailing a copy to the Appellate Division, 1201 Franklin, 6th Floor, Houston, Texas 77002.

I further certify that, on the same day, a true and correct copy of this Petition was mailed to Appellant, Emmanuel Evans, SPN 1862965, Telford Unit 7H2-27, 3899 State Highway 98, New Boston, Texas 75570 by CMRRR NO. 7013 1710 0001 3124 4120.

/s/          Mark A. Rubal
Mark A. Rubal


## CERTIFICATE OF FILING

I further hereby certify that the foregoing petition and Appendix was filed with the Clerk of the Court using the CM/ECF System on January 13, 2015.

/s/          Mark A. Rubal
Mark A. Rubal

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to TEX. R. APP. PROC. 9.4, undersigned counsel certifies that this brief complies with the form requirements of the rule and exclusive of the portions exempted by the rule, this brief contains 2,488 words printed in a proportionally spaced typeface.

/s/  Mark A. Rubal<br>
Mark A. Rubal

**Affirmed and Memorandum Opinion filed September 25, 2014.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-13-00476-CR

---

### EMMANUEL VON ALLEN EVANS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1339815**

---

## M E M O R A N D U M    O P I N I O N

Appellant Emmanuel Von Allen Evans appeals his conviction for aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021(a)(B). A jury found him guilty and the trial court assessed punishment at life imprisonment. In a single issue on appeal, appellant contends that the trial court erred in admitting hearsay testimony that went beyond the scope of the State's notice of outcry testimony under article 38.072 of the Texas Code of Criminal Procedure. We affirm.

# Background

The complainant's brother testified that he walked into the complainant's room and saw the complainant lying on the bed. He saw appellant masturbating with one hand and touching the complainant with the other hand. The brother startled appellant and the complainant. The brother requested that appellant go with him to explain what had happened to the complainant's mother.

The complainant's mother testified that appellant reported he had masturbated while fondling the complainant. Appellant claimed to be "tripping" and claimed he had "blacked out." The mother instructed her son to call the police. The complainant reported to her mother that appellant was standing in her bedroom doorway rubbing his penis. He came into her bedroom and asked to see her vagina. She refused and he began masturbating. Appellant then moved the complainant's shorts to the side exposing her vagina, and touched her. The mother could not remember when the complainant told her that appellant placed his mouth on her vagina. She testified, however, that appellant admitted placing his mouth on the complainant's vagina.

After the police investigation appellant was not immediately arrested. Six days after the incident appellant phoned the complainant's mother who recorded the call. The trial court admitted the audio recording over appellant's hearsay objection. In the audio recording appellant twice admitted to placing his mouth on the complainant's vagina.

The complainant testified that appellant came into her bedroom and asked to see her vagina. When she refused he pulled her shorts to the side and touched her vagina while masturbating. She testified appellant also placed his mouth on her vagina. Appellant did not stop until the complainant's brother entered the room.

2

## Standard of Review

In his sole issue on appeal, appellant contends that the trial court erred in admitting hearsay testimony that went beyond the scope of the State's notice of outcry testimony under article 38.072 of the Code of Criminal Procedure. Hearsay statements are generally inadmissible unless permitted by statute or evidentiary rule. *See* Tex. R. Evid. 802, 803. Article 38.072 provides a statutory exception to the hearsay rule that allows the State to introduce outcry statements, which would otherwise be considered inadmissible hearsay, made by a child victim of certain offenses, including the one at issue in this case. *See* Tex. Code Crim. Proc. art. 38.072. It permits the statements of a child victim describing the alleged offense to be admitted through an "outcry witness," i.e., the first adult to whom the child made a statement about the alleged offense. *Id.*

To invoke the statutory exception, the State must notify the defendant of its intent, provide the name of the outcry witness, and provide a summary of the statement. *See id.* art. 38.072 § 2(b)(1). The purpose of these requirements is to avoid surprising the defendant with the introduction of outcry hearsay testimony. *See Gay v. State*, 981 S.W.2d 864, 866 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). To achieve this purpose, the written summary must give the defendant adequate notice of the content and scope of the outcry testimony. *Davidson v. State*, 80 S.W.3d 132, 136 (Tex. App.—Texarkana 2002, pet. ref'd). The notice is sufficient if it reasonably informs the defendant of the essential facts related in the outcry statement. *Id.* A trial court's determination that an outcry statement is admissible under article 38.072 is reviewed under an abuse of discretion standard. *Nino v. State*, 223 S.W.3d 749, 752 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990)).

## Discussion

On December 11, 2012, the State filed its Notice of Intention to Use Child Abuse Victim's Hearsay Statement pursuant to article 38.072 of the Texas Code of Criminal Procedure. The State gave notice that it intended to offer the statements of Deputy DB Pappa, Dr. Reena Isaac, and Susan Odhiambo. The notice did not reflect that the State intended to offer the testimony of the complainant's mother as an outcry witness.

At trial, the complainant's mother testified:

Q. Did you ask her what happened?

A. Yes, I did.

Q. What did she tell you?

[Defense counsel]: I object to that as hearsay, Judge.

THE COURT: Sustained.

[The prosecutor]: Judge, this is the outcry witness.

Q. (BY [the prosecutor]) Let me ask you another question.

Were you the first adult that your daughter told —

A. Yes.

\* \* \* \* \*

Q. At any point that night, did the defendant tell you that he put his mouth on your daughter — on [the complainant]'s female sexual organ?

[Defense counsel]: Your Honor, I object to that as hearsay.

THE COURT: Overruled.

A. I honestly can't say if it was that night, but he did admit it.

\* \* \* \* \*

Q. What additional details did she give you about what he did to her that night?

[Defense counsel]: I object to hearsay, Judge.

4

THE COURT: Overruled.

Q. (BY [the prosecutor]) All we can talk about right now are the additional details that she told you.

A. She told me that he had her to touch him, made her touch his penis and that he put his mouth on her vagina. And he forced her, you know, to allow him to fondle her as well as put his mouth on her vagina.

Appellant argues that the trial court abused its discretion in admitting the complainant's mother's testimony over his hearsay objections because he did not receive proper notice that the mother would be an outcry witness under article 38.072 of the Texas Code of Criminal Procedure. Appellant further complains that he did not receive a summary of the mother's testimony as is required by article 38.072.

**Preservation of Error**

Initially, the State argues that appellant failed to preserve error because he did not specifically object to the lack of notice. Appellant made only a general hearsay objection. This court has held, however, that a general hearsay objection is sufficient to preserve all appellate claims under article 38.072. *See Zarco v. State*, 210 S.W.3d 816, 828–29 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Long v. State*, 800 S.W.2d 545, 548 (Tex. Crim. App. 1990) ("A general hearsay objection . . . is enough to preserve all appellate claims under [article 38.072].")). We therefore conclude that appellant's general hearsay objection preserved error under article 38.072.

**Notice of Outcry Witness**

The State failed to satisfy the procedural requirement of notice under article 38.072. It is not disputed that the complainant's mother was not included as a potential outcry witness in the State's notice.

5

However, our analysis does not end there. We may not reverse a conviction due to erroneous admission of hearsay testimony unless we determine that it affected appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008). An error affects a substantial right "when the error [has] a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Thus, we affirm a criminal conviction despite nonconstitutional error if, after examining the record as a whole, we are left with the fair assurance that the error did not influence the jury or influenced the jury only slightly. *Schutz v. State*, 63 S.W.3d 442, 443 (Tex. Crim. App. 2001). We consider the entire record in assessing any impact that the error had on the jury's decision, including the nature of the evidence supporting the verdict, as well as the character of the error and its relationship to other evidence, to determine if the error substantially affected an appellant's rights. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

Here, the indictment alleged that appellant "intentionally and knowingly cause[d] the sexual organ of [the complainant], a person younger than fourteen years of age, to contact the MOUTH of the Defendant." Appellant specifically complains about the mother's testimony that the complainant reported appellant placed his mouth on her vagina. The mother's testimony, however, was not the only source of evidence on this issue. The complainant testified without objection that appellant placed his mouth on her vagina. Appellant was able to cross-examine the complainant on her testimony. Moreover, in the recorded telephone conversation, which was played for the jury, appellant admitted:

> Naw, I ain't eat it all. I just, like, you know, like, grazed on top of it, like with the tip of my tongue. Like, not all the way on it, but, like, just the tip.

* * * * *

6

I had thought about it, and I remember, I had did it twice.

*  *  *  *  *

I licked it like a couple times, and I had jacked-off and nutted on my own hand.

*  *  *  *  *

And that's the God honest truth, like I said, I never did come on her, I never did come in her, my come never did touch her, like I said my hands had touched her and my tongue had touched her.

The State did not emphasize the mother's testimony in closing argument other than her statement on the audio tape that the complainant had reported the incident to her.

In light of the substantial evidence against appellant from the complainant and his own admission, we are left with the fair assurance that the trial court's error in admitting certain hearsay testimony either did not influence the jury or only influenced the jury slightly. *See Schutz*, 63 S.W.3d at 443; *see also Biggs v. State*, 921 S.W.2d 282, 287–88 (Tex. App.—Houston [1st Dist] 1995, pet. ref'd) (holding error in admitting hearsay outcry statements was harmless at least in part because of the nature of other evidence, including complainant's testimony and defendant's own admission to certain conduct around children). Accordingly, we find such error to be harmless and overrule appellant's sole issue.

We affirm the trial court's judgment.

/s/    Martha Hill Jamison
        Justice

Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

7